THE PEOPLE *vs.* BALLOU and others.

The directors of, a corporate company, against which judgment of *ouster* has been pronounced, are *individually* responsible for the *costs* of the proceedings, although they had no direct agency in the defence of the suit; and the payment of such costs may be enforced by *attachment.*

JUDGMENT of *ouster* having been rendered against the *Utica and Minden Turnpike Company,* the attorney general applied for an *attachment* against four individuals, alleged to have been directors of the corporation at the institution of the proceedings, to enforce the collection of the costs of the proceedings. The application was made under a provision of the revised statutes authorizing such process. 2 R. S. 585, § 50. As to *three* of the individuals called upon, it was shown that they were, or admitted themselves to have been, *directors* at the institution of the proceedings; but it was alleged that there was no corporate property in their hands, and they denied all agency in the defence of the *quo warranto* suit. The *fourth* denied that he was a director, although it was shown that he had admitted that he was a director of the company.

*By the Court,* SAVAGE, Ch. J. The provision of the statutes under which this application is made is in these words: " If judgment be rendered upon any such information against any corporation, or against any persons claiming to be a corporation, the court may cause the costs therein to be collected by execution against the persons claiming to be a corporation, or by attachment against the directors or other officers of any such corporation." 2 R. S. 585, § 50. It is no answer to this application that the individuals sought to be charged with the costs have no *corporate funds* in their hands; the statute has made them *individually* responsible. Nor is it an answer that they did not defend the suit; it was their duty to have controlled others in that respect. It must be presumed that they knew whether the facts relied on to dissolve the corpora-

tion were true or not, and if there was no ground of defence, they should not have suffered a defence to have been made. It must also be presumed that they knew that they were improperly exercising corporate rights. The statute evidently proceeds on those grounds in holding the officers personally responsible for the costs of the proceedings by *quo warranto.*

It was urged, in defence of this motion, that an execution having been issued against the corporation for the costs, an attachment against the directors could not be asked for although the execution had been returned unsatisfied; that the attorney general having made his election, must abide by it. This objection cannot be sustained. The intent of the statute manifestly was, to give a remedy for the collection of the costs and surely the directors cannot complain that an attempt had been made to obtain them out of the corporate funds. The statute even authorizes an *execution* against the persons claiming to be a corporation, that is the late stockholders; but that does not prevent the remedy by *attachment* against the officers. The motion is granted, with costs, against the *three* individuals shown to have been directors; as to the *fourth,* he has shown enough to exonerate himself, but having misled the attorney general by his declarations, he is not entitled to costs for resisting this motion.