# THOMPSON a. SARGENT.

*Supreme Court, First District; At Chambers, July, 1862.*

JUDGMENT AGAINST MARRIED WOMAN.—FORM OF EXECUTION.—
SUPPLEMENTARY PROCEEDINGS.

The provision of section 287 of the Code, that an execution against a married woman shall direct the levy and collection of the amount against her from her separate property and not otherwise, is directory merely.

Proceedings supplementary to execution can be taken upon a judgment against a married woman.

Motion to set aside an execution and return, and to vacate an order in supplementary proceedings.

Judgment was recovered by William S. Thompson and others against Lydia Sargent, a married woman, for $567.79. An execution, in the ordinary form of executions against property, was issued to the New York sheriff and returned unsatisfied. The plaintiff procured an order, under section 292 of the Code, for the examination of the judgment-debtor, which, with the execution and return, the defendant now moved to set aside.

*Arnold H. Wagner*, for the motion.—I. Such a process as an execution against a feme covert was unknown until the act of 1862. (*Code*, § 287.) The execution allowed is special in its nature, "it shall direct the levy and collection of the amount of the judgment against her, from her separate property, and not otherwise." The execution is restricted to the separate property of the feme covert. If the execution be issued in proper form, and the return, "no property," is made by the sheriff, no further proceeding can be taken under the statute.

II. The order supplementary is void. The statute (*Code*, § 274) says the judgment is to be levied and collected of her separate estate, and not otherwise; an execution is the only process at law upon which a levy and collection can be made, and

the statutes expressly restricting any other mode of collection, it follows that a judge out of court has no power to order her to appear before a referee, as a matter of course. Before a party can claim any remedy in equity to enforce the payment of a claim, he is bound to show the court, *affirmatively*, that there is a separate property that can be reached by the court. This was always the rule. The intention of the Legislature was to compel a resort to the court. (*Code*, § 274, latter clause.)

*David C. Birdsall*, opposed.—I. By the laws of 1860, ch. 90, § 7, any married woman may sue and be sued in any matter relating to her separate property, the same as though she was sole.

II. The first means of enforcing and collecting a judgment is by execution, of which there are three kinds. (*Code*, § 286.) 1. Against the property. 2. Against the person. 3. For the delivery of real or personal property with damages, &c. The first applies to this case, no judge or attorney has the power to alter its express provisions.

III. The plaintiffs are then forced to adopt the second remedy to collect their judgment, under section 292. This section makes no distinction between persons, male or female, married or sole, the order of the court applies to *all* judgment-creditors, there being no provision in the act of 1860 or the Code exempting married women from such examination.

IV. Prior to the act of 1860 an action intending to reach the property of married women was an intricate proceeding. The act of 1860, above referred to, was intended to simplify all proceedings against married women who have separate estates. If the defendant's views are correct, then the action of the Legislature is worse than useless, by giving creditors the power of obtaining a judgment and then taking from them all chances of enforcing and collecting it. The action being a personal one, no receiver can be appointed except upon an order of the court after the plaintiffs have exhausted their powers by execution and found property through an examination supplementary thereto.

CLERKE, J.—In the execution against a married woman it is not necessary to its vitality that it should contain the words contended for. The words in the amendment are merely di-

rectory ;—of course the sheriff cannot levy on any other property than the separate property, and unless the execution contains a contrary direction there would be no danger that the sheriff would levy on any other. I hold, therefore, that the execution is valid. Being valid, I also hold that all provisions of the Code in aid of, or supplementary to the execution, apply to this execution, as well as to any other.

Motion denied without costs.