Burlingame vs. Burlingame.

## BURLINGAME VS. BURLINGAME.

Where both parties to a suit consented that the jury should " seal their verdict when agreed upon, and deliver the same to the clerk, and return to their homes and not return," neither could object that the verdict was received and recorded without being delivered by the jury in open court.

The statute (Pr. Laws of 1861, ch. 302, sec. 6,) requiring the board of supervisors of the town and the common council of the city of Ripon to select and return *before the last day of May*, the names of persons qualified to serve as jurors in the Municipal Court of that city and town, is directory, and if they are properly selected and returned *afterwards*, it is no ground of challenge.

APPEAL from the Municipal Court of the City and Town of *Ripon.*

Action for an assault and battery. When the jury was

called, defendant challenged the array, on the ground that they were not drawn " in conformity to the act regulating the same," in this, that the city council of the city of Ripon, and the board of supervisors of the town of Ripon, had neglected to make out and file with the clerk the list of jurors prior to the last day of May, 1863, and the same was not made and filed until July following. The objection was overruled, it appearing that said list was made out in July in the manner prescribed by the statute.—The printed case sets forth an instruction asked by the defendant and refused by the court, but does not show that any exception was taken. It further states that after the charge was completed, " it being late in the evening, the court, by consent of parties, directed the jury to seal their verdict when agreed upon, and deliver the same to the clerk, and disperse to their homes, and not return ;" that the court then adjourned until nine o'clock the next morning, when it met pursuant to the adjournment ; that the clerk then presented a sealed envelope to the judge, none of the jurors being present, containing what purported to be a verdict, in the following form :   " The jury find the defendant guilty, and place the damages at $300 ;" and that the defendant objected to the receiving and recording of such verdict, and to the entry of judgment thereon,   1. Because the jury were not in attendance and did not deliver the same in open court.   2. Because it was informal in not finding for the plaintiff.   The objections were overruled, the verdict was received and recorded, and judgment rendered thereon in favor of the plaintiff and against the defendant ; from which the defendant appealed.

*Dobbs & Mayham*, for appellant, as to the irregularity in the selection of the jury, cited sec. 6, ch. 302, Pr. Laws of 1861.   As to the invalidity of the verdict from its not having been delivered while the jury were present in open court, they cited *Root v. Sherwood*, 6 Johns., 68 ; *Blackley v. Sheldon*, 7 id., 32.

*E. L. Runals*, for respondent, to the point that the *form* of

the verdict was sufficient if the intention of the jury could be ascertained from it, cited 1 Dallas, 458 ; 10 Mass., 64; 1 Bibb, 257 ; 2 id., 178, 427; Hobart, 54; 3 Term, 659; 1 Root, 321.

*By the Court,* DIXON, C. J. *Consensus tollit errorem.* The parties consented that the jury might seal their verdict, deliver it to the clerk, and disperse to their homes and not return.

No exceptions were taken to the charge and no question can be made upon it.

The statute (Priv. Laws of 1861, ch. 302, sec. 6), requiring the board of supervisors of the town and the common council of the city to select and return the names of persons qualified to serve as jurors before the last day of May in each year, is directory. If properly selected and returned afterwards, it is no ground of challenge. See *Mills v. Johnson,* 17 Wis., 598.

Judgment affirmed.