DAVID H. SILVER, et al., Respondents, vs. JOHN McNEIL, Appellant.

1. *Sheriff—Levy by—Excessive.*—A sheriff levied on a steamboat, worth about forty thousand dollars, by virtue of an execution for $109. *Held,* that the levy was excessive ; that he might have satisfied his execution by levying on a small part of the furniture.

*Appeal from St. Louis Circuit Court.*

*Chester Harding,* for Appellant.

The damages were flagrantly excessive.

*Slayback & Haeussler,* for Respondents. ·

The sheriff was not bound to levy on more goods then enough to satisfy the debt. If by doing so he occasion a loss out of proportion to the amount of the execution he is trying to make the money on, he can blame no one but himself. (State vs. Doan, 39 Mo., 52.)

ADAMS, Judge, delivered the opinion of the court.

This was an action in the nature of a replevin for the recovery of the steamboat "Peoria City," her hull, engines, machinery, tackle and furniture.

The only point raised and discussed by the appellant's counsel is, that the damages allowed by the jury were excessive, and not warranted by the facts and proof in the case. The amount of damages found by the jury was twenty-five hundred dollars.

The testimony shows that the defendant was sheriff of St. Louis County, and as such had in his hands an execution in favor of Josiah Fogg against Thomas Shields for $109, which he levied on a supposed interest of Shields in the boat, by seizing the boat, her apparel, &c., and retaining possession thereof for twelve or thirteen days, when this suit was brought, and bond given by plaintiffs, and the boat restored to their possession. At the time the levy was made, the boat was on the docks, undergoing repairs, and the defendant put a man on the boat to hold possession, but did not interfere with the plaintiffs in repairing the boat.

The plaintiff in substance testified, that he called on the defendant, and tried to get him to release, the boat without suit, assuring him that Shields had no interest at all in the boat, and also testified, that he was unable to procure the required bond any sooner than he did, in order to bring suit. That he could have had the boat ready in two days for a trip, which was then being made up; pilots, &c., had been employed for the trip. He stated the boat was insured for $35,000.00, on a valuation of $45,000.00; that the boat was considered worth from $400.00 to $500.00 per day. Two other witnesses testified, that the boat was worth from $35,000.00, to $40,000.00, and would have been chartered at from $350.00 to $400.00, per day, during the time she was detained. There was no testimony showing, that the use or hire of the boat would have been less than the amounts above stated.

The testimony on the part of the defense conduced to prove, that the plaintiff was not prevented by the defendant or his agents, from repairing the boat, and that the boat was not seaworthy when she was replevied.

From this evidence it would seem, that the jury were not actuated by prejudice, and that the verdict is fully sustained by the evidence.

In the first place, even if Shields had had an interest in the boat, the levy was excessive. The defendant might have levied on a part of the furniture, and left the boat in the hands of the plaintiff. The execution was only $109, and a very small part of the furniture would have been sufficient to satisfy it. But Shields had no interest whatever in the boat, and there was no justification for the seizure.

The instructions presented the case fairly to the jury. They were instructed to allow the actual damages sustained by the plaintiffs. Under the evidence I do not see how they could have allowed less than twenty-five hundred dollars for the detention of the boat.

Let the judgment be affirmed. The other judges concur.