ROBERT D. KELLY, PLAINTIFF IN ERROR, V. CHESTER L. MORSE, DEFENDANT IN ERROR.

Practice: JUDGMENT OF PROBATE COURT. It is not necessary that the record of a judgment rendered in the probate court, in cases where the amount in controversy exceeds the jurisdiction of a justice of the peace, should show that a regular term of that court had commenced on the day fixed by statute, and continued from day to day until the rendition of the judgment; it is sufficient if the proceedings show that the court was in regular session when the judgment was announced.

————: JUDGMENT UPON AN AWARD OF ARBITRATORS. In rendering a judgment upon an award of arbitrators, it is not absolutely necessary for the court to give notice to either party before proceeding to act upon the award.

Construction of statutes. The word "may" in public statutes should be construed as "must" whenever it becomes necessary in order to carry out the *intent* of the legislature; but in all other cases this word, like any other, must have its ordinary meaning.

THIS was a petition in error to reverse the judgment of the district court of Dodge county, affirming a judgment of the probate court upon an award of arbitrators, duly made and returned to said probate court, in pursuance of the agreement of submission.

The alleged errors consist in the entry of a judgment in the probate court against the plaintiff in error, on the 9th day of December, 1871, for the sum of two hundred dollars damages and $14.85 costs, being an amount found due by arbitrators, to whom he and the defendant in error had submitted certain differences between them.

No notice was given to Kelly by the probate court before proceeding to act on the award.

The section of the statute in force at that time, concerning the terms of probate court, was as follows :

"Sec. 2. It shall be the duty of the Probate Judge in each county in this state, to hold a regular term of court at his office, at the county seat of his county, on the first Monday of each calendar month, for the trial of such civil causes as may be brought before said courts." *Laws* 1870–71, 8.

*W. A. Marlow*, for plaintiff in error.

I. The first error complained of is that the judgment was not rendered on the award at the December term 1871, of said court, or at any regular or adjourned term of said court.

The probate court for the trial of civil cases is a court of stated terms. A judgment rendered in the probate court, when the amount involved exceeds $100, unless rendered at a regular or an adjourned term of said court, is a nullity. The record must disclose that fact. *Probate Act of* 1870. *Laws of* 1870 *and* 1871, *page* 7.

II. The second error complained of is that the probate court did not have jurisdiction to render said judgment in this, to-wit: that the judgment was rendered without notice to Kelly as the law directs. *General Statutes* 659, *Sec.* 873.

1. Rule of construction in respect to statutes, the word *may* means *must* or *shall*, when the public interests and rights are concerned, and when the public or third parties have a claim *de jure* that the power should be exercised. *Newburg Turnpike Co. v. Miller*, 5 *Johns Ch.*, 113. *Malcom v. Rogers*, 5 *Cow.*, 188. *Greenleaf on Evidence*, 220. *Schuyler Co. v. Mercer Co.*, 4 *Gilman*, 20. *Sifford v. Beaty*, 12 *Ohio State*, 189.

2. The service of notice is jurisdictional. The Probate Judge shall give notice. A judgment rendered without notice is of no more effect than a judgment without a summons.

3. The agreement states that judgment shall be entered on the award in accordance with the terms of said award, and pursuant to the statute in such cases made and provided.

*Z. Shed*, for defendant in error, argued:

I. The award was made and filed as appears from the record, and judgment rendered thereon in conformity with the agreement of the parties, and the finding of the arbitrators.

II. The probate court had ample authority to render the judgment. We think a reference to the original agreement between the parties will readily satisfy this court upon the question of jurisdiction. The probate court is one provided for by the constitution and laws of the state. The amount in controversy did not exceed its jurisdiction. The authority of the court to act in the premises was acquired by the written consent of the plaintiff in error which it seems to us was equivalent to an appearance in court; and the judgment was rendered in accordance with the provisions of the statute. *General Statutes*, 658.

III. The act of 1870, page 8, section 2, provides for holding a regular term of the probate court on the first Monday of each calendar month, for the trial of causes, etc. We hardly think it will be contended that the entire business of the term must be transacted on the first day of the term; and if not, is it not fair to presume that the December term of that court included the 9th day of December, the day on which this judgment was rendered?

And had the plaintiff in error been summoned to appear at the first day of said term, would he be allowed to set aside a judgment rendered against him on the ninth day thereof, when he voluntarily absented himself from the court?

IV. Superior courts will not require technicalities at the hands of inferior courts, and will view their proceedings in that light which the exigencies of communities seem to require. *Austin v. Hayden*, 6 *Ohio*, 388. *Humiston v. Anderson's Administrators*, 15 *Id.*, 556. *Barts v. Abbe*, 16 *Id.*, 408.

V. Another error assigned is that no notice was served on Kelly by the probate court before the entry of this judgment. It is truly painful for us to learn that such a dire calamity should have befallen the gentleman. But the law does not require vain things, even for the accommodation of this plaintiff in error. No notice is required by law, and if there was, we think the written agreement of parties would cure such a defect and estop the plaintiff in error from taking advantage of his own *laches*. *General Statutes*, 659, *Sec.* 873.

LAKE, CH. J.

It is urged as an objection to this judgment of the probate court, that it does not appear to have been rendered at a regular term as is required by the act regulating the practice in that court, in cases where the amount claimed exceeds the jurisdiction of a justice of the peace.

The record shows that the judgment was rendered on the ninth day of December, and inasmuch as the statute then in force on the subject required the court to be held on the first Monday of that month, it is urged that the record ought to show that the term actually commenced

on that day, and had been regularly continued to the day the judgment was rendered.

There is no force to this objection. The record sets out enough to show that the court was in regular session when the judgment was pronounced. The proceedings on the award are certified by the judge to have taken place at the December term, 1871. This is definite enough, without stating that the court had been regularly adjourned from day to day from the commencement of the term until the case was finally determined.

The only remaining objection is that no notice was given to Kelly before proceeding to act on the award. This was not necessary. The statute provides that " the court *may* require actual notice to be given to either party, when it appears necessary and proper, before proceeding to act on the award."

The position taken by counsel that the word " *may* " in the sentence just quoted from the statute should be construed as " *must*," is altogether untenable. It would defeat the very object and intent of the legislature, which, doubtless, was to leave it to the court to say, in each particular case, whether notice should be given or not. The words " *when it appears necessary and proper*," found in the context, would be meaningless if the construction contended for should be given.

Without doubt the word " *may* " in public statutes should be construed as " *must* " whenever it becomes necessary, in order to carry out the intent of the legislature, but in all other cases this word, like any other, must have its ordinary meaning. *Minor v. The Mechanics' Bank of Alexandria,* 1 *Peters,* 46.

We conclude, therefore, that the matter of notice is left to the sound discretion of the court, and so long as there is no abuse of discretion shown whereby an injury is done, the omission to give it would furnish no ground for disturbing the judgment.

In this case there appears to be no reason at all why a notice should have been given. The proceedings are quite regular, in fact unusually so, and Kelly knew that by the terms of the submission, the award of the arbitrators was to be filed at the December term of the court, so that judgment should be rendered at that time.

There is no error in the record, and the judgment of the district court must be affirmed.

JUDGMENT AFFIRMED.

The other justices concur.