CENTRAL BRANCH RAILROAD CO. V. THOMAS INGRAM.

DAMAGES FOR KILLING STOCK; *Demand.* Under the special statute of
1874, imposing liability on railroad companies for stock killed, a de-
mand made upon the general superintendent of a railway company, is
a sufficient demand upon the company.

### *Error from Atchison District Court.*

ON 15th November 1876, *Ingram* commenced an action
against the *Railroad Company*, before a justice of the peace,
to recover damages for the killing of a certain mare, on the
line of the railroad, and also for an attorney-fee for the pros-
ecution of the action. *Ingram* in his bill of particulars
alleged that the *Railroad Company* neglected to inclose its
road with a good and lawful fence, and that by reason thereof
the animal was killed. He also alleged that on the 5th of
October 1876, he "caused a written notice to be served upon
W. F. Downs, the duly-appointed and authorized Superin-
tendent and General Manager of said C. B. U. P. Rld. Co.,
demanding the full value of such animal so killed as afore-
said." There was no other allegation touching a demand.
When the action came on for trial before the justice, the de-
fendant objected to the introduction of any evidence on the
part of the plaintiff, on the ground that the bill of particulars
did not state facts sufficient to constitute a cause of action,
either at common law, or under the statutes of this state.
The objection was overruled, the defendant excepting, and
evidence was admitted. In order to prove a demand under
the statute, the plaintiff offered in evidence a writing ad-
dressed "To The Central Branch Union Pacific Railroad
Company," giving notice of the killing of said mare, Sep-
tember 11th 1876, by a moving train, claiming the value
thereof to be $125, and demanding payment of said sum,
"together with a reasonable attorney-fee," within thirty days.
It was admitted by the parties that "said notice was de-
livered to W. F. Downs, General Superintendent of said

Railroad Company, at Atchison, October 2d 1876, and to no other person." Defendant objected to the introduction of said writing in evidence, as incompetent, because said notice was not served upon any station-agent or ticket-agent of the company, and because the demand made therein was for an uncertain sum, being for $125, "together with a reasonable attorney-fee," the amount of which is not stated in the demand. The justice overruled the objection, and said writing was introduced in evidence, to which the defendant excepted. The *Railroad Company* introduced one witness only, and his testimony related solely to the value of the animal. The justice made general findings in favor of the plaintiff, and rendered judgment in favor of the plaintiff and against the defendant, for $110 debt, ($10 thereof being for attorney-fee,) and $16.55 costs of suit. The *Railroad Company* removed the case to the district court, where the petition in error was heard at the June Term 1877, A. F. M., judge *pro tem.*, presiding. The judgment of the justice was affirmed, and the *Railroad Company* now brings the case here.

*D. Martin*, for plaintiff in error:

1. The bill of particulars not showing any negligence on the part of the railroad company, except the failure to fence its road, it was not sufficient to authorize a judgment in favor of the plaintiff below, independently of the statute of 1874: 21 Ind. 150, 152, 215; 23 Ind. 10; 17 Kas. 566. But we think the bill of particulars insufficient under the statute. No action can be maintained under the statute until after the railway company "shall fail, for thirty days after demand made therefor," and "the demand may be made of any ticket-agent or station-agent of such railway company." (Laws of 1874, p. 144, §§ 2, 3.) In an action under a statute, the party seeking its benefit must, by proper averments, bring himself within its terms. Has the plaintiff done so here? He does not allege a demand upon any ticket-agent, or station-agent, nor even upon the company. Probably an averment of demand upon the "company" might be aided by a

presumption that the demand was made upon the proper officer, and so held good. But here the only allegation of demand is that notice was served upon "the duly-appointed and authorized superintendent and general manager," etc. We contend that the demand under this statute can be made only upon some ticket-agent or station-agent of the company; and that a demand upon a superintendent or general manager is no better than none at all: Potter's Dwarris on Statutes, 72; 11 Coke, 59, 64; 12 Abb. Pr. (N. Y.) 35; 3 Brev. (S. C.) 396; 36 Conn. 373; 7 Iowa, 262, 276, 284. Where a new right is given by statute, and a specific remedy provided, the right can be vindicated in no other way than that prescribed by the statute: Sedgwick on Stat. & Const. Law, 343; 5 Johns. 175; 1 Blackf. 405; 7 Hill, 575; 6 C. L. J. 77. The word "may" is frequently construed as imperative, especially in acts of parliaments and legislatures: 3 Atk. Ch. 212, 166. This is especially so when the rights of third parties or the public are concerned: 8 Kas. 623, 268.

*John C. Tomlinson,* for defendant in error:

1. This case was tried before the justice, and no motion was made for a new trial by plaintiff in error. The case was then taken to the district court, and the judgment of the justice was affirmed, and no motion was made for a new trial. A motion for a new trial was necessary, and should have been made by plaintiff in error in the justice court, and in the district court: 13 Kas. 269; 2 Kas. 337.

2. The demand was made upon the superintendent and general manager of the railroad company, the general office of the company being the nearest office to the place where the accident occurred. We think the demand sufficient. The word "may," as used in the statute, is permissive, not mandatory. It gives individuals the right to do a certain act for their benefit, and the law leaves it to their discretion whether they will pursue the remedy or not: 5 Cowen, 188; 7 Ind. 132; 18 Ind. 27; 53 Me. 438; 5 Johns. Ch. 100. It is only in cases where public interest and rights are concerned, and

where the public and third persons have a claim *de jure*, that the power should be exercised of construing the word "may" for "shall." 9 Wis. 282; 77 Ill. 273; 39 N. H. 435; 27 N. J. 407.

3. Counsel for plaintiff in error claims that the demand made was for an uncertain sum — being for a "reasonable attorney-fee." The demand could not be made for a specific amount, for attorney-fees, for the reason that in such cases an attorney-fee is not due until suit is instituted, and the amount is to be governed by the value of the services rendered in the prosecution of the case.

The opinion of the court was delivered by

BREWER, J.: This was an action brought under the law of 1874, to recover for the value of a certain mare killed by the train of defendant. The action was brought before a justice of the peace, and upon the trial judgment was rendered in favor of the plaintiff. A bill of exceptions was taken, and the case removed on error to the district court, and upon affirmance of judgment there, is now brought here.

The only question in this case is, as to the sufficiency of the demand, notice of which was served only upon the general superintendent. The statute provides that an action may be brought if the railway company "shall fail, for thirty days after demand made therefor by the owner of such animal, or his agent or attorney, to pay such owner, or his agent or attorney, the full value of such animal, if killed, or damages thereto, if wounded." And further, in a subsequent section, that "the demand * * * may be made of any ticket-agent or station-agent of such railway company." Upon this, counsel invokes the aid of the rule, that where a new right is created by statute, and a specific remedy provided, the right can be pursued only through the remedy prescribed; *Almy v. Harris*, 5 Johns. (N. Y.) 175; *Stafford v. Ingersoll*, 3 Hill (N. Y.), 38; *Renwick v. Morris*, 7 Hill (N. Y.), 575; and insists, that the word "may" should be construed as equivalent to "must," inasmuch as the rights of third parties are

Central Branch Rld. Co. v. Ingram.

concerned; that demand is a prerequisite to any action, and that demand can be made only upon a ticket or station-agent. We cannot assent to this claim, nor give to the word "may" such imperative construction. An examination of the statute indicates clearly the intention of the legislature to enlarge, by the third section, rather than restrict in the matter of demand, and that "may" is here used in its ordinary and permissive sense, and as giving to the owner of the stock an additional privilege and increased facility in the collection of his claim. Were this third section omitted, notice of demand would have been served upon some general officer of the company, or some one specially charged with the adjustment of such claims. But such an officer may not be easy of access in each county through which the road runs, and so, to facilitate the collection of these claims this section was added authorizing the service of notice upon ticket and station-agents—officers who are not general representatives of the company, and whose duties do not include the adjustment of such claims, but who are ordinarily to be found in every county. Surely it would be strange if service of a notice was good upon an officer whose duties in no manner embraced the subject-matter of the notice, and not good upon one charged with the care of such matters, or one having general control. Before such an intention is imputed to the legislature, (and it is the legislative intention which we are to ascertain, and which must control,) the language should clearly indicate such intention to require such construction. Again, if the principal were an individual instead of a corporation, a statute authorizing notice to be served upon an agent would not be construed as making void notice served upon the principal. The greater includes the less. The owner, the party actually responsible, is the one to whom notice in the end is to go; and permitting it to be served upon an agent, is simply granting an additional aid to the claimant. But the general superintendent of a company represents the company for all purposes connected with the management of its road. Ticket and station-agents are but his aids. Contracts with

him concerning injuries by the trains, or on the road, and promises by him to pay for such injuries, bind the company. *Mo. P. Rld. Co. v. Thomas*, 19 Kas. 256; *A. & N. Rld. Co. v. Reisner*, 18 Kas. 458. Notice to him, of any matter connected with such injuries, is notice to the company; demand upon him is demand upon the company. And before a statute is to be construed as limiting his capacity to represent the company as to any matters connected with the management of the road, the language must, as we said above, be plain. We conclude then that proof of demand upon the general superintendent of a railroad company, is sufficient proof of demand upon the company to authorize a recovery under the special statute of 1874. So far as the notice failing to specify the amount of attorney-fees claimed, none are due until after suit is brought; and the actual value of the animal was stated.

We have considered the principal question in this case, passing by the question of practice; but our silence upon the latter must not be construed into an overruling of the point made by the learned counsel for defendant in error.

The judgment will be affirmed.

All the Justices concurring.