ELLA A. BROTHERS and her husband, appellants,

*v.*

B. NEWTON PICKEL and others, respondents.

The nineteenth section of the orphans court act (*Rev. p. 756*), provides that when a caveat shall be filed against the probate of a will, the orphans court *may*, on the application of the caveators, or the persons named as executors in the will, certify the question involved in the controversy, into the circuit court of the county, for trial before a jury.—*Held*, that such certifying was merely discretionary with the orphans court, and that the provision of the act was not mandatory.

On appeal from the decree of the orphans court of Hunterdon county, admitting to probate a paper purporting to be the last will and testament of Adrian H. Pickel, deceased.

*Mr. John Schomp*, for appellants.

*Mr. J. N. Voorhees*, for respondents.

NOTE.—In the following cases the word "may" has been held to be mandatory:

*Rex* v. *Barlow, Carth. 293, Salk. 609*, that church wardens may make a rate.  Also, *Rex* v. *Derby, Skin. 370.*

*Blackwell's Case, 1 Vern. 152*, that the chancellor may grant a commission of bankrupt.

*Rex* v. *Hastings, 1 Dowl. & R. 148*, that the mayor  *  *  *  might for the future hereafter have and hold  *  *  *  a court of record.

*Ticknor* v. *McClelland, 84 Ill. 471*, that a chattel mortgage may be acknowledged before a justice of the peace of the town or district where the mortgagor resides.

*State* v. *State Canvassers, 36 Wis. 498*, that if any election returns shall be found to be so informal or incomplete that the board cannot canvass them, they may dispatch a messenger to the inspectors who made the returns, etc.

*People* v. *Brooks, 1 Den. 457*, that affidavits may be taken before commissioners of deeds.  See *Caniff* v. *New York, 4 E. D. Smith 430.*

*Adriance* v. *Supervisors, 12 How. Pr. 224*, that supervisors may correct an erroneous assessment.

*Randolph Co.* v. *Rolls, 18 Ill. 29*, that all actions against any county

42

Brothers *v.* Pickel.

THE ORDINARY.

The sole question presented for decision upon this appeal is, whether, under the provision of the nineteenth section of the orphans court act (*Rev. p. 756*), that when a caveat shall be filed against the probate of a will, the orphans court may, on the application of the caveator, or of the persons named as executors in the will, certify the question involved in the controversy into the circuit court, of the county, for trial before a jury, it is obligatory upon, or merely discretionary with, the orphans court to certify. Where the word "may" is used in a statute authorizing, as that section does, an unusual method of procedure on the part of the court for the determination of a question, it is not mandatory, but indicates an intention on the part of the legislature to leave it to the discretion of the court to take such proceeding or not, according to its judgment.

The decree of the orphans court will be affirmed.

---

may be prosecuted in the circuit court of that county; also, *Schuyler Co.* v. *Mercer Co.*, 9 Ill. 20.

*Rockwell* v. *Clark*, 44 Conn. 534, that when any married woman shall carry on any business, and any right of action shall accrue to her therefrom, she may sue upon the same as if she were unmarried. See *Rumsey* v. *Lake*, 55 How. Pr. 339 ; *Van Cleve* v. *Rook*, 11 Vr. 25. ·

*Mason* v. *Fearson*, 9 How. 248, a provision that a municipality may sell one lot for the taxes assessed on several, restricts them to selling only one if that will produce the amount. See *Thompson* v. *Carroll*, 22 How. 434.

*Walley's Case*, 11 Nev. 260, that the court may, of its own motion, or on application, set apart for the use of the family of the deceased, all personal property which is by law exempt from execution; also, *Ballentine's Case*, 45 Cal. 696.

*Steines* v. *Franklin Co.*, 48 Mo. 167, that an act concerning issuing bonds for roads etc., provided that, before any expenditures shall be made, the county courts may, for the purpose of information, submit the amount of the proposed expenditures to the voters of the respective counties.

*People* v. *Com'rs*, 4 Neb. 150, that county commissioners may let contracts to the lowest responsible bidder.

*St. Louis R. R.* v. *Teters*, 68 Ill. 144, that a court may grant a continuance, if the absence of one of the attorneys is occasioned by his being a member of the legislature, and then in attendance on its sessions.

*Low* v. *Dunham*, 61 Me. 566, that in proceedings to enforce a maritime lien, the court may issue an order to sell the vessel.

*Supervisors* v. *United States*, 4 Wall. 435, that a board of supervisors may, if deemed advisable, levy a special tax.

Brothers *v.* Pickel.

*Galena* v. *Amy, 5 Wall. 705,* that a city council may, if it believe that the public good and the best interests of the city require it, levy a tax to pay its funded debt.

*Phelps* v. *Hawley, 3 Lans. 160, 52 N. Y. 23,* that if a private bridge be destroyed and not rebuilt by the company within a certain time, it shall thereupon become a public bridge, and may be maintained at the expense of the county.   See *Newport Bridge Case, 2 El. & El. 377.*

*Scully* v. *Ackmeyer, 2 Cin. 296,* that an assessment may be recovered in the name of the city.

*Barnes* v. *Thompson, 2 Swan 313,* that a mechanics lien may be enforced by attachment.

*Hines* v. *Lockport, 60 Barb. 378,* that a common council may make streets, sidewalks, and repair them; also, *New York* v. *Furze, 3 Hill 612; People* v. *Brooklyn, 22 Barb. 404.*

*State* v. *Buckles, 39 Ind. 272,* that a state auditor may draw his warrant on the treasurer.

*Gillinwater* v. *Mississippi R. R., 13 Ill. 3,* that a certain number of corporators may present a petition to the legislature before they become incorporated.   See *Minor* v. *Mechanics Bank, 1 Pet. 64.*

*Blake* v. *Portsmouth R. R., 39 N. H. 435,* that any corporation whose powers expire by limitation, may continue to be a body corporate for three years thereafter, for the purpose of prosecuting and defending suits.

*Chicago & A. R. R.* v. *Howard, 38 Ill. 414,* where one section of an act provides that a common informer "may" sue for a penalty, another, that the state's attorney "may" sue, the latter has no exclusive right to bring suit.

In the following cases the word "may" has been held directory :

*Banks's Case, 28 Ala. 28,* that the trial of any person charged with an indictable offence may be removed to another county, on the application of the defendant, duly supported by affidavit.   See *Kelly* v. *State, 52 Ala. 366.*

*Cross* v. *Pearson, 17 Ind. 612,* that in a justice's court, all matters of defence, except &c., may be given in evidence without plea.

*Reed* v. *Bainbridge, 1 South. 357,* that an assignee of bonds &c. may maintain an action of debt thereon, in his own name. · See *Carhart* v. *Miller, 2 South. 575.*

*Chetwood* v. *State Bank, 2 Hal. 32,* that a plaintiff may assign as many breaches as he shall see fit.   See *Shaeffer* v. *Jack, 14 Serg. & Rawle 429.*

*Central R. R.* v. *Ingram, 20 Kan. 66,* that a demand [of damages for killing stock on a railroad] may be made of any ticket agent or station agent of such railway company.

*State* v. *Han. & St. Jos. R. R., 51 Mo. 532,* that suit may be commenced by serving the summons on any director &c. of a corporation.

*Mitchell* v. *Duncan, 7 Fla. 13,* that on a proceeding to set aside a defective execution, and bond and affidavit given, execution may issue against the party making the affidavit and his sureties.

*State* v. *Holt Co., 39 Mo. 521,* that a court, if satisfied that an applicant is a person of good character, may grant him a tavern license.

*School District* v. *Sterricker, 86 Ill. 595,* that the certificate of a school teacher may be in the form following [setting out a form].   See *David-*

Brothers *v.* Pickel.

*son* v. *Gill, 1 East 64; Crosby* v. *School District, 35 Vt. 623; Apgar* v. *Trustees, 5 Vr. 311.*

*Lewis* v. *State, 3 Head 127,* that on a jury's recommending a defendant in a capital case to mercy, the court may commute the punishment from death to imprisonment for life.

*Com.* v. *Gable, 7 Serg. & Rawle 423,* that in indictments for involuntary manslaughter the attorney-general may, by leave of the court, waive the felony and proceed as for a misdemeanor.

*Com.* v. *Haynes, 107 Mass. 194,* that penalties for an offence may be recovered before any court of competent jurisdiction, does not exclude an indictment for the same offence in the superior court. See *Hirschfelder* v. *State, 18 Ala. 112; Barnawell* v. *Threadgill, 5 Ired. Eq. 86; McKoin* v. *Cooley, 3 Humph. 559.*

*Sifford* v. *Beaty, 12 Ohio St. 189,* that in an action against a sheriff for the recovery of property taken under execution and replevied by the plaintiff, the court may, upon application of the defendant in execution, permit him to be substituted as defendant.

*Cooke* v. *State Bank, 50 Barb. 339,* that suits against any national bank may be had in any court of the United States held within the district where such bank is established, or in any state court in such district, does not exclude a suit in a state court against such bank located in another state.

*Lovell* v. *Wheaton, 11 Minn. 92,* that an award may be returned to any term of court held during the time limited by the submission. See, however, as to *time* in general, *Birdsong* v. *Brooks, 7 Ga. 88; Stevenson* v. *Lawrence, 11 Am. Law Reg. 409; Free Press Ass'n* v. *Nichols, 45 Vt. 7; Burlingame* v. *Burlingame, 18 Wis. 285; Bowman* v. *Blyth, 7 E. & B. 26, 45.*

*Kane* v. *Footh, 70 Ill. 587,* that the court may, at the request of either party, require the jury to render a special verdict.

*Fowler* v. *Pirkins, 77 Ill. 271,* that appeals in certain cases may be taken to the supreme court, does not repeal a prior statute allowing appeals in such cases to the circuit court. See *Hogan* v. *Devlin, 2 Daly 184.*

*Kelly* v. *Morse, 3 Neb. 224,* that the court may require actual notice to be given to either party, when it appears necessary and proper, before acting on an award of arbitrators. See *Cole* v. *Green, 6 M. & G. 872; Corliss* v. *Corliss, 8 Vt. 373.*

*Caldwell* v. *State, 34 Ga. 10,* that of two or more defendants jointly indicted for any offence, any one defendant may be tried separately.

*Bansemer* v. *Mace, 18 Ind. 27,* that public sales of lands may be in parcels, so that the whole amount may be realized. See *Cunningham* v. *Cassidy, 17 N. Y. 276.*

*Allen* v. *Wells, 22 Ind. 118,* that the court, where a cause is transferred to a higher court because the title of land is involved, may tax all costs made in the former court. See *MacDougall* v. *Paterson, 11 C. B. 755; Jones* v. *Harrison, 6 Exch. 328; Crake* v. *Powell, 2 El. & Bl. 210.*

*Darby* v. *Condit, 1 Duer 599,* that the court may, in its discretion, require security for costs of an executor.

*Buffalo Plank Road* v. *Com'rs, 10 How. Pr. 237,* that every person liable to do highway labor, living or owning property on the line of any plank road, may, by application in writing, be assessed his proportion of the assessment for the labor on such highway.

*Bell* v. *Crane, L. R. (8 Q. B.) 481,* that every authority having power to impose rates, may exempt a building used as a Sunday or ragged school from any rate.

Brothers *v.* Pickel.

*McMaster* v. *Lomax, 2 Myl. & K. 32,* that the court may issue an attachment for contempt, for want of an answer, "if they shall so think fit."

*Cutler* v. *Howard, 9 Wis. 309,* that the court may remove an executor for certain specified causes [although one of the causes exists].

*Kelly* v. *Milwaukee, 18 Wis. 83,* that a common council may pass ordinances for abating nuisances etc., as they shall deem expedient; also, *Goodrich* v. *Chicago, 20 Ill. 445.*

*Ridley* v. *Ridley, 24 Miss. 648,* that in attachments against non-residents, the court may order notice of the attachment to be published in a newspaper of the state. See *Cory* v. *Lewis, 2 South. 846 ; State* v. *Click, 2 Ala. 26.*

*Nave* v. *Nave, 7 Ind. 122,* that in divorce suits, witnesses may be examined orally in open court.

*State* v. *Sweetsir, 53 Me. 438,* that an indictment may be found and tried in the county where the offender resides, or where he is apprehended.

*Dean* v. *White, 5 Iowa, 266,* that a corporation having an office in any county, may be sued in that county.

*Malcolm* v. *Rogers, 5 Cow. 188,* that heirs shall or may recover in one writ or action, as heirs of the deceased person.

*New York & E. R. R.* v. *Coburn, 6 How. Pr. 223,* that on an appeal from an award of damages for lands condemned by commissioners, the court may direct a new appraisal.

*Striker* v. *Kelly, 7 Hill 9, 2 Den. 323,* that a resolution may not be passed by a common council without calling the ayes and noes. See *McKune* v. *Weller, 11 Cal. 57 ; St. Louis* v. *Foster, 52 Mo. 513.*

*Williams* v. *People, 24 N. Y. 405,* that for certain stealings the offender may be punished as for grand larceny.

In the following cases "shall" has been construed to be discretionary or directory:

*Newcastle Co.* v. *Bell, 8 Blackf. 584 ; Holland* v. *Osgood, 8 Vt. 276 ; People* v. *Holley, 12 Wend. 481 ; Thompson* v. *Sergeant, 15 Abb. Pr. 452 ; Johnson* v. *Williams, 2 Tenn. 178 ; Att'y-Gen.* v. *Baker, 9 Rich. Eq. 521 ; York Railway* v. *Reg., 1 E. & B. 858 ; Rex* v. *Leicester, 9 D. & R. 772 ; Reg.* v. *South Weald, 5 B. & S. 391 ; Caldow* v. *Pixell, L. R. (2 C. P. D.) 562 ; Wheeler* v. *Chicago, 24 Ill. 105 ; Parish* v. *Elwell, 46 Iowa 162 ; Stevenson* v. *Lawrence, 11 Am. Law Reg. 409 ; City Sewage Co.* v. *Davis, 8 Phila. 625 ; People* v. *Supervisors, 50 Cal. 561 ; Rodebaugh* v. *Sanks, 2 Watts 9 ; Colt* v. *Eves, 12 Conn. 243 ; Com.* v. *Com'rs, 5 Binn. 536 ; Ludlow* v. *Ludlow, 1 South. 394 ; Cason* v. *Cason, 31 Miss. 578 ; Justices* v. *House, 20 Ga. 328 ; Catterall* v. *Sweetman, 9 Jur. 951.*

"It shall and may be lawful," is generally mandatory, *Gray* v. *Locke, 3 Atk. 166 ; Stamper* v. *Millar, 3 Atk. 211 ; Simonton's Case, 9 Port. 390 ; Tarver* v. *Com'rs, 17 Ala. 573 ; Rex* v. *Eye, 1 Barn. & Cress. 85 ; Chapman* v. *Milvain, 5 Exch. 61 ; Mason* v. *Fearson, 9 How. 237 ; Davison* v. *Davison, 2 Harr. 171 ;* but see *Verplanck* v. *Mercantile Ins. Co., 1 Edw. Ch. 84 ; Newburgh Co.* v. *Miller, 5 Johns. Ch. 112 ; Seiple* v. *Elizabeth, 3 Dutch. 407 ; Rex* v. *Com'rs, 2 Chit. 251 ; Bridgman's Case, 1 Dr. & Sm. 164.*

Where any proceeding is "authorized," *Kellogg* v. *State Treas. 44 Vt. 356 ; People* v. *Supervisors, 11 Abb. Pr. 114, 51 N. Y. 401 ; Rogers* v. *Bowen, 42 N. H. 102 ; Milford* v. *Orono, 50 Me. 529 ; Veazie* v. *China, 50*

*Me. 518 ; Com.* v. *Pittsburgh, 3 Am. Law Reg. 292 ; Com.* v. *Johnson, 2 Binn. 275 ; Gould* v. *Hayes, 19 Ala. 462 ; Reg.* v. *Com'rs, 14 Ad. & El. (N. S.) 459 ; State* v. *Harris, 17 Ohio St. 608 ; Angle* v. *Runyon, 9 Vr. 403 ; Harris* v. *Supervisors, 52 Cal. 554 ;* and see, further, *Potter's Dwarris on Stat. 222, note 29.*—Rep.