THE PEOPLE OF THE STATE OF NEW YORK, APPEL-
LANTS, *v.* THE COHOCTON STONE ROAD, RESPONDENT.

*Enforcement of costs against its directors in an action annulling a corporation for abuse of its powers.*

In an action in which judgment was entered December, 1878, vacating the charter and annulling the existence of a corporation because of its abuse of its powers, and giving costs to the plaintiffs, a motion was made December, 1880, that an attachment or other proper process issue against the directors of the corporation for the enforcement of payment of the costs adjudged against it.

*Held,* that at the time of the making of the motion there was no statute in force authorizing the court to grant the relief asked for.

The provisions of the repealing act (chap. 245 of 1880) were to the effect that such repeal should not affect "any other lawful act done, or right, defense, or limitation lawfully accrued or established," before the act took effect, nor "any

offense committed, or penalty or forfeiture incurred," before said act took effect, "except that the proceedings in a civil action or special proceeding brought by reason thereof, are subject to the provisions of the laws in force after this act takes effect."

*Held,* that such provisions did not apply to this case, as the words "right lawfully accrued or established," implied an absolute right, not one resting in the discretion of the court as the issuing of an attachment in this case did.

That the motion could not be regarded as a "special proceeding" to enforce a "penalty or forfeiture;" and even if it were so regarded, it would by force of the third subdivision of section 3, of the repealing act above quoted, be "subject to the provisions of the law in force" after the repealing act took effect.

APPEAL from an order of the Monroe Special Term, denying a motion made December, 1880, on the part of the plaintiff for an attachment or other process against the directors of the defendant, to compel the payment of the judgment for costs herein, and to appropriate the money in the hands of the receiver to that purpose, so far as the same will go.

The action was brought to vacate the charter and annul the existence of the defendant corporation, because of its abuse of its corporate powers, and judgment annulling the charter and for costs was recovered by the plaintiffs.

*Hamilton Ward,* Attorney-General, and *John W. Brown,* for the appellants.

*Brown & Hadden* and *E. D. Mills,* for the respondent.

SMITH, J.:

Judgment having been rendered in this action vacating the charter of the defendant, a plank-road corporation in the county of Steuben, and annulling the existence of the corporation for abuse of its powers, with costs, and an execution having been issued and returned unsatisfied, the plaintiff moved for an attachment or other process requiring the directors of the corporation to pay the costs, and from the order denying such motion the plaintiff appeals.

The motion was noticed and brought on subsequently to the 1st day of September, 1880, on which day chapter 245 of the Laws of 1880, known as the repealing act, took effect, and the principal question in the case is, whether there was then any statute in force giving a right to the relief asked for. Section 442 of the Code of

Procedure provided for a judgment dissolving a corporation adjudged to have forfeited its corporate rights, by neglect, abuse or surrender. Section 443 was as follows : " If judgment be rendered in such action against a corporation or against persons claiming to be a corporation, the court may cause the costs therein to be collected by execution against the persons claiming to be a corporation, or by attachment or process against the directors, or other officers of such corporation." The next section provided for the appointment of a receiver of such corporation. A provision substantially the same as section 443, was contained in the Revised Statutes. (2 R. S., 585, § 50.) Under that provision it was held that the directors of a corporate company, against which judgment of *ouster* had been pronounced, were incidentally responsible for the costs of the proceedings, although they had no direct agency in the defense of the suit, and they had no corporate funds in their hands. (*The People* v. *Ballou and ors.*, 12 Wend., 277.) It was also held that the payment of such costs might be enforced by attachment. (Id.) Chapter 245 of the Laws of 1880 repealed section 50 of the Revised Statutes above referred to (Laws 1880, chap. 245, § 1, sub. 3), and also the sections of the Code above cited, which sections were originally adopted in chapter 438 of the Laws of 1849. (Laws 1880, chap. 245, § 1, sub. 26, last paragraph.) The Code of Civil Procedure retains substantially the provisions of sections 442 and 444 of the old Code (Code of Civil Pro., § 1801), but the provisions of section 443 are essentially modified and limited. What remains of that section is found in section 1987 of the new Code, which reads as follows: " § 1987. Where final judgment in an action, brought as prescribed in this title, is rendered against a corporation, or persons claiming to be a corporation, the court may direct the costs to be collected by execution against any of the persons claiming to be a corporation, or by warrant of attachment, or other process, against the person of any director or other officer of the corporation." The title of which that section is a part does not authorize actions against corporations to annul their charters for abuse or neglect of their powers. Actions of that nature are provided for by section 1798, which has its place in another title. Of the actions mentioned in sections 442 and 443 of the old Code, the only ones which are authorized by the title of the new Code, of

which section 1987 is a part, are actions against individuals acting as a corporation within the State without being duly incorporated, or exercising within the State corporate rights, privileges or franchises not granted to them by the law of the State. (Sec. 1948, sub. 3.) In those actions only can the directors or other officers of a corporation be held liable to attachment or other process for the payment of costs under section 1987, so that if section 1987 applies to the present case, the motion to compel the directors of the defendant corporation to pay the costs of the action was properly denied for the want of power.

The question whether that section applies is not free from doubt. As has been said, the motion was noticed and brought on subsequently to the 1st day of September, 1880, at which time chapters 14 to 21, inclusive, of the new Code took effect. Section 1987 is in the sixteenth chapter. Subdivision 11 of section 3347 of the new Code provides that so much of chapters fourteen to twenty, inclusive, as regulates the proceedings to be taken in an action or special proceeding, and the effect thereof, applies only to an action or a special proceeding commenced on or after the 1st day of September, 1880, with certain exceptions therein specified, which do not affect this case. The new Code, however, left section 50 of the Revised Statutes, and section 443 of the old Code in force, but the repealing act, passed a few days afterwards (Laws 1880, ch. 245), repealed both of those sections and left no statute in force by which the directors can be charged, unless the case is saved by some of the exceptions contained in that act. The repeal effected by the first section of the act is subject to the following qualifications: Such repeal does not impair " any proceeding in an action or a special proceeding had or taken pursuant to law" before said act took effect. (Sec. 3, subd. 1.) Nor does it affect "any other lawful act done, or right, defense or limitation, lawfully accrued or established," before the act took effect. (Id., subd. 2.) Nor does it affect "any offense committed, or penalty or forfeiture incurred," before said act took effect, " *except* that the proceedings in a civil action or special proceeding, brought by reason thereof, are subject to the provisions of the laws in force after said act took effect." (Id., subd. 3.) The motion under review was not a proceeding " had or taken " before the act took effect. Was it made to enforce

a right "lawfully accrued or established" before the act took effect? Those terms seem to imply an absolute right, not resting in the discretion of the court. Whatever right the plaintiff has to the relief sought by the motion, doubtless accrued when final judgment was rendered in the action. (Old Code, § 443; new Code, § 1987.) But is the right absolute? The language of the statute is, "the court *may* cause," etc. (Id.) Where the provisions of a statute mean to impose a duty, the use of the word "may" is to be understood as imperative, but in other cases it is merely discretionary. (*Cooke* v. *State National Bank of Boston,* 50 Barb., 339.) Here no duty is imposed. Upon an application under this statute many circumstances may exist proper to be considered by the court. If the corporation possesses property out of which the costs may be made by means of an execution or through the instrumentality of a receiver, the court, in its discretion, may on that ground deny the motion. If it should appear that a minority of the directors had uniformly opposed the proceedings of the corporation out of which the costs had arisen and were in no way responsible for them, it can hardly be doubted but that the motion might properly be denied as to them. The right, resting in discretion, to some extent at least, cannot be regarded as "lawfully accrued or established" till the discretion of the court has been declared in its favor. Nor can the motion be treated as a "special proceeding" to enforce a "penalty or forfeiture." If it were such, it would then, by force of the third subdivision of section 3, be subject to the provisions of the laws in force after the repealing act took effect. The case, therefore, is not within either of the qualifications of the act (none of the other subdivisions of section 3 having any application to it), and if the foregoing exposition of the statute is correct, the case is not within the statute now in force.

The appellant relies upon the fact that the present motion is the renewal of one which was made for the like purpose in March, 1879, and was denied with leave to renew. That fact is of no moment so far as the questions above considered are concerned. The present motion is to be governed by the statute in force when it was made, the same as if it were the first motion of its kind in the action.

For these reasons we are of the opinion that the motion to compel the directors to pay the costs was properly denied.

We see no reason for refusing the other branch of the motion, to wit, that the sum in the hands of the receiver be applied to the payment of the costs. We suppose that the statutes applicable to the distribution of moneys in the hands of the receiver, have reference to the proceeds of the property of the corporation which remain after the payment of the costs of the action or proceeding in which the moneys are realized. The costs are a charge upon the fund and have preference over debts owing by the corporation.

So much of the order appealed from as refuses an attachment or other process against the directors is affirmed, and so much as denies an order that the money in the hands of the receiver, arising from the sale of the property of the defendant, be applied towards the satisfaction of the judgment for costs herein, is reversed, and the motion to that effect is granted, without costs of this appeal to either party.

TALCOTT, P. J., and HARDIN, J., concurred.

So ordered.