## THE STATE v. MYERS.

1. **Practice:** EVIDENCE: VIOLATION OF INJUNCTION. The basis of a precept for violating an injunction is an authenticated copy of the injunction and satisfactory proof that it has been violated, and this fact may be established by affidavits.

2. ———: CONTEMPT: ORAL EVIDENCE. It is error without prejudice to permit oral evidence to be offered in a hearing for contempt, when the action of the court is sufficiently supported by affidavits.

3. ———: ———: JUDGMENT IN VACATION. The judge from whose court an order has issued respecting the disposition or possession of property may in vacation punish by fine and imprisonment one guilty of hindering or obstructing the order.

4. ———: FINE: LIMIT OF IMPRISONMENT. A judgment that the defendant pay a fine and stand committed until it is satisfied, should specify the extent of the imprisonment, which cannot exceed one day for every three and one-third dollars of the fine.

*Certiorari to Van Buren Circuit Court.*

THURSDAY, OCTOBER 19.

THE defendant having been held in contempt of the Circuit Court, and a fine of $35 adjudged against him, these proceedings in *certiorari* were instituted by him, alleging that the

court below exceeded its jurisdiction, and otherwise acted illegally. The facts appear in the opinion.

*Lea & Beaman*, for Myers.

*Stiles & Burton* and *M. E. Cutts*, for the State.

ROTHROCK, J.—I. By the return to the writ of *certiorari*, it appears that in a certain suit pending in the Wapello Circuit Court, one Nelson was appointed receiver, to take charge of certain goods, notes, accounts, and other property of the firm of Hardin Myers & Co., and that E. C. Myers, defendant herein, had been a clerk of said firm. After the appointment of the receiver, he commenced an action against E. C. Myers, alleging that said Myers detained from his possession a number of notes of said firm, amounting to $1,002.54; that said notes were taken by said Myers after the issuance and service of a writ of injunction, enjoining any transfer of the firm property. The petition prays a writ of replevin and judgment for the notes, and damages for their unlawful detention. A writ of replevin, or order, was issued, and served by the sheriff, and demand made upon Myers for the notes, which he refused to deliver; whereupon Nelson applied to the judge of the court below for an order compelling Myers to appear, that he might be examined under oath touching the situation and disposition of the property sought to be recovered. The order was made, and Myers appeared, filed an affidavit, and was examined orally and discharged.

Afterward, a copy of the writ of injunction was presented to the judge in vacation, with an affidavit setting forth that Myers was guilty of violating the injunction, and also of contempt for willfully obstructing and hindering the officer in the execution of the writ of replevin. A precept was issued and Myers appeared and filed a demurrer and motion to dismiss, which were overruled; but it was ordered that the proceedings be entitled and prosecuted in the name of the State of Iowa, and that the two charges for contempt set forth in the affidavit be severed, and that the cases be prosecuted separately, with leave to file a new affidavit in the

second cause, being that for obstructing and hindering the sheriff in the execution of the writ of replevin.

As to the first alleged contempt, being for violation of the injunction, the defendant was discharged.

A separate affidavit was filed as to the alleged contempt for obstructing and hindering the officer, and also an affidavit of the deputy sheriff who attempted to serve the writ.

The defendant, Myers, filed his affidavit, and the deputy sheriff, against defendant's objection, was examined orally as a witness.

The first question made by defendant is that the court erred in overruling the demurrer to the complaint, as he terms it. The Code, Sec. 3403, provides that the basis for a precept for violating an injunction is an authenticated copy of the injunction and satisfactory proof that it has been violated. This proof is usually made by affidavit. We are not aware that any formal information, further than by way of affidavit, is required. The court below directed the two contempts charged in the affidavit to be severed, and overruled the demurrer. In this, we think, there was no error, especially as defendant was discharged on the charge of violating the injunction.

1. PRACTICE: evidence: violation of injunction.

II. It is next insisted that the court erred in permitting oral evidence to be given on the hearing for contempt. Sec. 3497 of the Code provides that "where the action of the court is founded upon evidence given by others, such evidence must be in writing, and be filed and preserved."

2. ——: contempt: parol evidence.

We think this applies to all proceedings for contempt, unless in cases where courts act upon their own knowledge in the premises. But the admission of the oral testimony of the sheriff was without prejudice to the defendant, for, as we regard it, there is no substantial variance between his affidavit and his oral testimony.

III. It is argued that the judge of the court below exceeded his jurisdiction, because there is no power to enter the judgment of conviction by the judge in vacation.

3. ——: ——: judgment in vacation.

The Code, Sec. 3225, *et sequiter*, provides for actions for the recovery of specific personal property. Sec. 3230 designates the writ issued to the sheriff to take the property and deliver it to the plaintiff, as an order. Sec. 3233 provides that, " when it appears by affidavit that the property claimed has been disposed of or concealed so that the order cannot be executed, the court or judge may compel the attendance of the defendant, and examine him on oath as to the situation of the property, and punish a willful obstruction or hindrance or disobedience of the order of the court in this respect as in case of contempt." In our judgment, a fair construction of these sections of the statute authorizes the judge in vacation to punish a willful obstruction or hindrance of the order for taking the property, as well as for any disobedience of any order made necessary by the proceedings to examine the defendant under oath.

IV. The next question made is as to the sufficiency of the evidence upon which the court below adjudged the defendant in contempt.

It appears from the record that, on the first examination of defendant, the notes were left by him at his home in a certain bureau drawer. This was after the sheriff had served the writ or order on the defendant, and his refusal to deliver the notes. Immediately after the examination which disclosed the place where the notes were, the sheriff was directed to proceed to the home of defendant and take possession of them. The defendant arrived at his home a very short time before the sheriff, took the notes from the drawer and put them in his pocket. The sheriff found defendant at his home, informed him that he had come again for those notes, and demanded them of him. He said he would not deliver them. He informed the sheriff where the bureau was, in which he said the notes were. The sheriff searched the same and did not find the notes, and defendant refused to deliver them or point out where they were.

We think this evidence sufficient to establish a willful obstruction or hindrance of the writ. We believe that the haste to remove the notes, some forty or fifty in number, from

the bureau drawer to the pocket of defendant at that particular time was for no other purpose than to prevent and hinder the officer from obtaining possession of them.

V. In conclusion, it is claimed that there is a want of power to assess a fine to the amount of $35, and to make the order that defendant stand committed until the fine and costs are paid. Sec. 3493 of the Code provides that the punishment for contempt by courts of record is limited to a fine of fifty dollars and imprisonment not exceeding one day, and all other courts are limited to a fine of ten dollars.

4. ———: fine: limit of imprisonment.

A judge of the Circuit Court, which is a court of record, when authorized to do an act in vacation, as in this case to punish a contempt, may impose the same punishment as if he were acting as a court. His act as judge has the force and effect of an act of the court. Any other view would authorize punishment for contempt in vacation but provide no penalty, for it cannot be said that his judgment in vacation is the judgment of a court not of record.

Sec. 4509 of the Code provides that "a judgment that the defendant pay a fine may also direct that he be imprisoned until the fine be satisfied, specifying the extent of the imprisonment, which shall not exceed one day for every three and one-third dollars of the fine."

We understand the provisions of this section to apply to all fines properly imposed, whether the statute under which the conviction be had provides a punishment of a fine only, or both fine and imprisonment. The judgment, however, should specify the extent of the imprisonment, and in this respect this judgment is erroneous; but it does not follow that it should be reversed.

Under the Code, Sec. 3499, no appeal lies from an order to punish for a contempt, but the proceedings may, in proper cases, be taken to a higher court for revision by *certiorari*, and Sec. 3222 provides that when full return has been made the court must proceed to hear the parties, and may give judgment affirming or annulling the proceedings in whole or in part, or in its discretion correcting the same and pre-

scribing the manner in which the parties or either of them may proceed further.

We shall therefore correct the judgment of the court below by directing that the defendant be, imprisoned in the county jail of Wapello county for the period of ten days, unless the fine be sooner paid. With this modification the judgment of the court below is

AFFIRMED.