Parish & Porterfield v. Elwell.

PARISH & PORTERFIELD v. ELWELL ET AL.

1. **Constitutional Law**: CONSTRUCTION OF STATUTE. Statutes directing the mode of procedure of public officers, in which there are no negative words restricting the action and nothing showing a different intent, are directory.

2. ———: ISSUANCE OF EXECUTION: STAY BOND. The failure of the clerk to issue execution immediately after the expiration of the stay does not deprive the party in whose favor the bond is executed of its benefits.

*Appeal from Pottawattamie Circuit Court.*

FRIDAY, JUNE 8.

THIS action is brought for judgment on three promissory notes executed respectively on the 6th day of April, the 19th day of June, and the 1st day of October, 1875, by D. B. Elwell to plaintiffs, and for the foreclosure of mortgages executed contemporaneously with the notes, to secure them. The petition alleges that Fred. Fry has some claim upon the real estate described in the mortgages, and asks that the mort-

gages be foreclosed.   The defendant, Fred. Fry, filed an answer alleging that he is the absolute owner of a portion of the property described, and that the mortgages constitute no lien thereon; that prior to the execution of any of said mortgages, to-wit: February 12, 1873, a judgment was rendered in said Circuit Court in favor of the Omaha National Bank against S. S. Bayliss and George Parks for the sum of $308.75 and costs; that on the 14th day of February, 1873, said judgment defendants filed a bond for stay of execution thereon with said D. B. Elwell as surety, which bond was duly accepted and approved by the clerk, and the proper entries made on the judgment docket as required by statute; that from the date of filing and approval of said bond said judgment became a lien upon the property in question, which was then owned by said Elwell; that on the 29th day of May, 1876, execution issued upon said judgment against the property of said defendants and the surety on their bond, and after due levy and notice of sale the property in question was sold by the sheriff as the property of the said D. B. Elwell, for the satisfaction of said judgment and costs; that said Fred. Fry became the purchaser thereof at said sale, and, on the 3d day of July, 1876, received a sheriff's deed therefor in pursuance of said sale, and he claims said property free from the liens of said mortgages.

The plaintiffs filed a demurrer to this answer, which was overruled.   The defendant, Elwell, being in default, the court rendered judgment against him and decreed a foreclosure as to the real estate not claimed by Fry.   The plaintiffs appeal.

*Sapp & Lyman*, for appellants.

*Clinton, Hart & Brewer*, for appellees.

DAY, CH. J.—Appellant claims that the lien created by accepting and recording the stay bond in question was lost by the delay in issuing execution.   Section 3067 of the Code provides that at the expiration of the stay the clerk shall issue a joint execution against the property of all the judgment debtors and sureties.   It is

1. CONSTITU-
TIONAL law:
construction
of statute.

claimed that, under this provision, the execution must issue as soon as the stay expires, and that a neglect upon the part of the clerk to do so, as to third persons at least, discharges the lien. We are satisfied that this is not the correct construction of the statute. It is a general rule of law that statutes directing the mode of procedure of public officers, relating to time and manner, where there are no negative words restricting the action, and nothing showing a different intent, are directory. *Dishon v. Smith*, 10 Iowa, 212, and cases cited.

There is nothing in the statute in question indicating an intent that the failure of the clerk to immediately issue exe-

2. ——: issuance of execution: stay bond.

cution upon the expiration of the stay should deprive the party in whose favor the stay bond is executed of its benefits. We are satisfied with the construction placed upon the statute in the court below.

AFFIRMED.