JORDAN v. THE CIRCUIT COURT OF WAPELLO CO.

OEHLSCHLAGER v. THE SAME.    (TWO CASES.)

1. **Injunction**: INDORSING ORDER ON PETITION.    Section 3394 of the Code, providing that if an injunction be granted in vacation the judge must indorse the order upon the petition, is directory merely, and the fact that the judge in these cases wrote the orders on a separate piece of paper *held* not to vitiate the injunctions.

2. **Contempt**: AFFIDAVIT AS BASIS FOR PROCEEDINGS.    The affidavit required by § 3495 of the Code as a basis for proceedings for contempt need not show that the affiant has personal knowledge of the acts constituting the alleged contempt.

3. ————: EX PARTE EVIDENCE: OPPORTUNITY TO BE HEARD.    Where persons charged with contempt are duly notified to appear and show cause why they should not be punished, but they fail to appear, and the evidence on which they are found guilty is taken in their absence, they cannot object that the evidence was taken *ex parte*.    The presence of the defendants in such cases is not necessary, as it is in cases of a strictly criminal character.

4. **Injunction**: CONTEMPT: EVIDENCE.    In proceedings for contempt in violating an injunction, the court will take judicial notice of its own order in granting the injunction.

5. **Contempt**: TIME TO PREPARE FOR TRIAL.    Where in proceedings for contempt the defendants are allowed to prepare for trial all the time that the statute expressly provides, they cannot be heard to complain, unless they make a special showing for a postponement.    A naked protest is not enough.

6. **Injunction**: CONTEMPT: FILING EVIDENCE.    Section 3497 of the Code, providing that evidence in proceedings for contempt shall be reduced to writing and filed, does not apply to a writ of injunction introduced in evidence, where the alleged contempt is the violation of the injunction.

7. **Intoxicating Liquors**: INJUNCTION: CONTEMPT: FINE: CONSTITUTIONALITY.    The statute which provides a fine of $500 for the disobedience of an injunction against the unlawful sale of intoxicating liquors is not unconstitutional.

8. **Injunction**: CONTEMPT: EVIDENCE.    An error upon the evidence in an injunction case will not excuse the defendant for violating the injunction.

9. **Contempt**: FINE: IMPRISONMENT.    Where a fine of $500 was imposed for a contempt, and an order of imprisonment was made until the fine

| 69 | 177 |
| 83 | 747 |

| 69 | 177 |
| 88 | 102 |

| 69 | 177 |
| 104 | 53 |

| 69 | 177 |
| f126 | 114 |
| 126 | 249 |
| 126 | 351 |

| 69 | 177 |
| 137 | 150 |

| 69 | 177 |
| 144 | 66 |
| 144 | 302 |

should be paid, the court should have limited such imprisonment to 150 days. (Code, 4509; *State v. Myers,* 44 Iowa, 584.)

10. **Original Notice:** SERVICE. Where service of an original notice is made on defendant by leaving a copy at his usual place of residence with his son, a member of his family, over fourteen years of age, defendant not being found within the county, it is sufficient.

11. **Injunction:** CONTEMPT: EVIDENCE. The sheriff's return showing the service of an injunction is sufficient to justify the court in finding that it was served, in proceedings for contempt in its violation.

12. **Courts:** PLACE OF SITTING: DUTY TO FIND. One duly notified to appear at court must do so, if by reasonable effort he can find where it is sitting.

### THURSDAY, JUNE 17.

PROCEEDINGS in *certiorari* to test the validity of an order of fine and an imprisonment made for an alleged contempt of court. The writ was issued in each case.

*E. H. Stiles* and *D. C. Beaman,* for plaintiffs.

*McNett & Tisdale, Sloan, Work & Brown, Roberts & Epps* and *W. S. Coen,* for defendant.

ADAMS, CH. J.—The facts in the three cases are similar in most respects, and they are submitted together. On the second day of May, 1885, writs of injunction were issued in certain actions, respectively, by the circuit court of Wapello county, wherein these plaintiffs were the respective defendants, and the writs were served upon them restraining them from selling liquor upon certain described premises. In November, 1885, it was shown to the court, by the affidavit of one Drake, that the defendants in the respective injunctions had sold intoxicating liquor in violation of the injunction served upon them. Notice to show cause against punishment was served upon them, and they appeared and answered. Afterwards such proceedings were had that they were adjudged to be in contempt, and were each adjudged to pay a fine of $500, and stand committed until the fine should be paid.

I. These plaintiffs, defendants in the respective injunction actions and contempt proceedings, contend that no valid writ of injunction ever issued, for the reason that no order was ever made which justified the clerk in issuing the writ. The order upon which the clerk acted appears to have been issued by the judge in vacation, and the order was not indorsed upon the petition, but was written upon a separate paper. The statute provides that, if the order be made in vacation, "the judge must indorse the order upon the petition." Code, § 3394. This not having been done, these plaintiffs contend that the order was void. But, in our opinion, the provision of the statute referred to is not mandatory, but simply directory, and therefore that the order is not void, notwithstanding the irregularity. In *Parish v. Elwell*, 46 Iowa, 162, it was said: "It is a general rule of law that statutes directing the mode of procedure of public officers relating to time and manner, where there are no negative words restricting the action, and nothing showing a different intent, are directory;" citing *Dishon v. Smith*, 10 Iowa, 212. It appears to us that the cases at bar fall within the spirit of that decision.

*1. INJUNCTION: indorsing order on petition.*

II. The statute provides that "unless the contempt is committed in the immediate view and presence of the court, or comes officially to its knowledge, an affidavit showing the nature of the transaction is necessary as a basis for further action in the premises." Code, § 3495. The affidavit of one Drake was filed in these cases; but it is objected that it is insufficient, because it merely shows the facts constituting the violation of the injunctions, and does not show that the affiant had personal knowledge of the facts. In our opinion, however, the affidavit complies with the statute. It is not expressly provided that the affiant shall show that he had personal knowledge of the facts, and the only action of the court which can be based upon the affidavit is of a formal character; the evi-

*2. CONTEMPT: affidavit as basis for proceedings.*

dence upon which the defendant is to be adjudged guilty, if at all, being still to be adduced.

III. The Code requires that, "where the action of the court is founded upon evidence given by others, such evidence must be in writing, and be filed and preserved." Code, § 3497. The evidence in these cases was taken in writing and filed and preserved; but it is insisted by these plaintiffs that it is insufficient, for the reason, as alleged, that it was taken *ex parte*. But, in our opinion, their position cannot be sustained. These plaintiffs were cited in those cases to appear on the twentieth day of November, 1885, before the circuit court of Wapello county, and show cause against punishment. On that day the court proceeded to take the evidence in question in writing. Mr. E. H. Stiles, attorney for these plaintiffs, was present at first, but expressly refused to remain. Afterwards he addressed a note to the court to the effect that the court might consider his appearance as made for the persons charged, to obviate the necessity for their actual appearance. It is true that Mr. Stiles now shows that he supposed that his clients were about to be arrested, and that he wrote the note to prevent such result, and under a mistake of fact. But we think that the court was justified in proceeding to take the evidence, and that the fact that these plaintiffs were not present, either personally or by counsel, was due to their own fault.

Another position taken by counsel, if we understand them, is that the proceedings were criminal, and that the court, for that reason, if no other, could not proceed in the absence of the persons charged. But, while it is true that proceedings for punishment for contempt are, in a certain sense, of a criminal nature, they are not governed by the Code of Criminal Procedure, but by a special statute. Under that statute it appears to be sufficient to serve a rule to show cause against the punishment, as was done in this case, and the court, we think, was not bound to make an arrest before

*Marginal note: 3. ——: ex parte evidence: opportunity to be heard.*

proceeding, if the person charged failed to obey the rule served.

IV.  It is next objected that no evidence was introduced upon the proceedings showing the order for the issuance of a

**4. INJUNC-TION: contempt: evidence.** writ of injunction.  It appears, however, that the writ of injunction was introduced, and return of service, and we think that that was sufficient.  The court would take judicial notice of its own orders in the matter out of which the alleged contempt grew.

V.  It is insisted that the court acted illegally in refusing to these plaintiffs an opportunity to make a written explanation

**5. CONTEMPT: time to prepare for trial.** of their conduct under oath, as is provided by section 3496 of the Code.  The fact appears to be that on the eighteen day of November, 1885, they were cited to appear before the court on the twentieth day of November, 1885.  They did appear, and on the 21st filed their sworn answer.  Afterwards the court set the case down for hearing at half past one o'clock in the afternoon of the same day.  These plaintiffs protested against setting the case at so early an hour, saying that they could not be ready so soon.  But we think that all the time had been allowed which is expressly provided by statute; and if these plaintiffs needed more time, they should have made a special showing for a postponement.  We see no error in the action of the court in this repect.

VI.  Section 3497 of the Code provides that the evidence given by others shall be taken in writing and filed.  It is

**6. INJUNC-TION: contempt: filing evidence.** insisted that, while the affidavits taken in the contempt proceedings were filed, the writ of injunction introduced in evidence was not filed.  But that paper was evidently not contemplated by the above provision; and, besides, it was already a part of the records of the injunction action, and it was not important, we think, that it should be filed again.

VII.  The statute provides a fine of $500 as punish-

ment for contempt in disoboying an injunction like the one in question. It is insisted that the law, so far as it provides such a fine, is unconstitutional. The plaintiffs' position is that the object of such a fine must be to punish, not only for the contempt, but for the commission of the crime involved in the act which constituted the contempt. It may be conceded that $500 is an extraordinary fine to be imposed for a contempt of court; but we cannot say that the legislature was not justified in supposing that a fine of that magnitude was necessary to secure obedience to the orders of the court. It may have taken notice that the business in which the acts of contempt are committed is often lucrative, and that offenders, aided by ingenious counsel in securing delays, can afford to pay small fines if they can thereby continue their business. It will not be denied that the persistence in disobeying the orders of the courts made for the purpose of abating the nuisances of the liquor traffic is unprecedented. The learned counsel for the plaintiffs call attention, indeed, in their argument to the wide-spread hostility to the statute. They assume that this hostility is a matter of general information, as it is. Being such, we may assume that it was not unknown to the legislature, and that the legislature was properly influenced by the fact in providing so large a fine. Obedience to the orders of the court must be secured, and we are not prepared to say that, if the fine provided shall prove to be insufficient, some future legislature would not be justified in providing a larger one.

VIII. It is said that the house journal fails to show that the statute under which the injunction actions were brought passed the house. It is not denied that the enrolled bill, duly signed and filed in the office of the secretary of state, is at least presumptive evidence of its due enactment, and that the courts take judicial notice of what appears from such record to be the law. Now, if such record can be

impeached at all, it appears to us that it must be done by evidence. Whether there was any such evidence introduced in the injunction cases we do not know, nor is it material. An error, if any, made upon the evidence in those cases, would not justify the plaintiffs in disobeying the injunctions.

IX. The court below ordered that these plaintiffs be imprisoned until the fine should be paid. The court should *9. CONTEMPT: fine: imprisonment.* have provided, in addition, that the imprisonment should not exceed 150 days. Code, § 4509; *State v. Myers,* 44 Iowa, 584. It is not necessary, however, to reverse upon this ground, but an entry may be made correcting the judgment as above pointed out. *State v. Myers,* above cited.

X. The plaintiff M. Oehlschlager claims that he was never duly served with notice of the action for an injunction. *10. ORIGINAL notice: service.* The service of notice appears to have been made by leaving a copy at his usual place of residence with his son, a member of his family, over fourteen years of age, and that this plaintiff was not found within the county. Such service is in accordance with the statute.

XI. It is claimed by M. Oehlschlager that the writ of *11. INJUNCTION: contempt: evidence.* injunction was never served on him. But the sheriff's return shows that it was, and the court was justified in so finding.

XII. Joseph Oehlschlager claims that the proceedings for contempt were void against him, because the proceedings *12. COURTS: place of sitting: duty to find.* were had at the court-house; whereas, for three weeks immediately preceding that time, the court had been held elsewhere, to wit, at a place called Liberal Hall. We think that this plaintiff, by a reasonable effort, could have found the court, and was bound to take notice of its place of sitting.

The judgments will be corrected in respect to the term of imprisonment, as above pointed out, and in all other respects they are.

AFFIRMED.