EX PARTE TUICHER.

69 393
80 33

1. **Criminal Law**: FINE: IMPRISONMENT TILL PAID: FORM OF JUDGMENT: CODE, § 4509: APPLICATION TO LIQUOR CASES. Section 4509 of the Code is mandatory in its requirement that, when a fine is imposed, and the court orders the defendant to be committed until it is paid, it must specify the extent of the imprisonment, which must not exceed one day for every three and one-third dollars of the fine; and, upon consideration of said section in connection with other statutes *in pari materia*, *held* that the same rule applies where persons are convicted for violation of the prohibitory liquor law, under §§ 10 and 11 of chapter 143 of the Laws of 1884.

2. ———: CONSTRUCTION OF STATUTES: CONSIDERATIONS: EXECUTIVE CLEMENCY. The courts in construing a criminal statute cannot be influenced by speculations as to what the governor might do, in the exercise of the pardoning power, to mitigate punishments which might otherwise be cruel and unusual, within the meaning § 17, art. 1, of the constitution.

WEDNESDAY, JUNE 23.

HABEAS CORPUS. The petitioner for the writ was convicted under the statutes prohibiting the sale of intoxicating liquors, fined, and committed to the jail of Sac county until the fine and costs should be paid. A writ of *habeas corpus* was granted by one of the justices of this court for the purpose of determining the legality of such imprisonment.

*S. M. Elwood*, for petitioner.

*A. J. Baker, Attorney-general*, for the State.

SEEVERS, J.—The judgment of the court was rendered on the twenty-second day of February, 1885, and on that day the petitioner was committed to jail, and he remained therein until the twenty-first day of May, 1885, when the writ was granted, being a period of eighty-eight days. The amount of the fine was seventy-five dollars, and the costs were less than twenty dollars. Section 4509 of the Code is in

these words: "A judgment that the defendant pay a fine may also direct that he be imprisoned until the fine be satisfied, specifying the extent of the imprisonment, which shall not exceed one day for every three and one-third dollars of the fine. The court failed to direct the length of time the petitioner should be imprisoned, which, under the foregoing section, would have been less than thirty days. It is, however, said that this is discretionary, and that the court is not required to cause the convicted person to be imprisoned. This is true, but when imprisonment is imposed under any statute we think the court must fix the extent of the imprisonment, and in this respect the statute is mandatory. *State v. Myers*, 44 Iowa, 580.

It is, however, insisted that the statute above quoted is not now applicable to the class of offenses of which the defendant was convicted, for the reason that it is repealed by implication as to such offenses by chapter 143 of the Acts of the Twentieth General Assembly, which has been incorporated in Miller's Code, 1886 edition, and sections 1540, 1542 and 1543 thereof are the portions of said act we are required to consider in order to determine the question in hand. Section 1540 provides that for a first conviction the fine shall be not less than fifty nor more than one hundred dollars, and costs of prosecution, and the convicted person shall stand committed to the county jail until the fine and costs are paid, and in default of such payment such person shall not be entitled to the benefit of chapter 47, title 25, of the Code until he shall have been imprisoned sixty days. Section 1542 contains substantially the same provisions, and section 1543 is the nuisance section, and provides that the fine shall not exceed $1,000 and costs, and that the defendant shall stand committed until the fine and costs are paid, and that he shall not be entitled to the benefit of the provisions of chapter 47 of title 25 of the Code. It is not entirely certain under which of the foregoing sections the petitioner was convicted, but we shall assume, as we think we are

authorized to do, that it was under either 1540 or 1542. The foregoing statutes, including section 4509, relate to the same subject,—that is, the punishment that may be inflicted on persons convicted of misdemeanors; and the provisions of chapter 47 of title 25 of the Code are modified and changed by the subsequent statute in so far as the same relate to offenses defined in the statute prohibiting the sale of intoxicating liquors, but, except as modified, it remains in full force. Section 4509 is found in chapter 33 of the same title, and the fact that it is not in terms repeated, modified or changed by the subsequent statute, is a strong implication that none was intended. But, be this as it may, as the several statutes relate to the same subject, it is fundamental that all must be read and construed together, and that all the provisions thereof must have force and effect, unless the several provisions are clearly inconsistent and repugnant. In such case it is conceded that the latest expression of the legislative will must prevail.

Under sections 1540 and 1542 the fine, it will be seen, may be only $50, and it may be well supposed that the fine and costs may not exceed $100. In such case the imprisonment under section 4509 cannot exceed thirty days, and therefore it is insisted that the last-named section is not applicable, because of the provision that the person convicted must be imprisoned sixty days before he can obtain his discharge under chapter 47, title 25, which makes provision for the discharge of poor convicts. The argument is that this provision is nullified if section 4509 is applicable, because, under the latter, the convicted person must be discharged when he has been imprisoned thirty days, and therefore the provision which relates to the liberation of poor convicts is without force and effect. This thought is entitled to great weight, and if no case can reasonably occur to which all the foregoing statutes are applicable, and can have force and effect, it might be irresistible. Suppose, however, the fine should be $50, and the costs $250; in such case the imprison-

ment under section 4509 would be ninety days, and, after being imprisoned sixty days, the poor convict could avail himself of the provisions of chapter 47, title 25, and thus obtain his discharge. Besides this, under section 1543 a discharge from imprisonment cannot be obtained under the poor convict act, and if section 4509 has no application, then it follows, if the convicted person is unable to pay the fine and costs, that he may be imprisoned for and during his natural life. The three sections we have been considering must be construed alike. The same rule of construction must be applied and prevail as to each, and therefore the same result must follow; that is, the imprisonment may be for life. We feel constrained to hold, then, in our judgment, that the general assembly did not so intend, and we are not prepared to sanction such a construction. It seems to us that the result and consequences that must follow the construction claimed by the attorney-general make it clear and certain that the general assembly could not have so intended.

It is true that the imprisonment is but a mode of enforcing the payment of the fine and costs; but if the convicted person is unable to pay, then the imprisonment becomes punishment, and possibly within the prohibition of section 17 of article 1 of the constitution, which provides that cruel and unusual punishment shall not be inflicted, unless 'the convicted person can successfully appeal to executive clemency. We are, however, of the opinion that, while the executive and judiciary constitute co-ordinate branches of the government, yet they are independent, and each must within their respective spheres perform the functions of their departments as to each seems right, subject, however, to the law of the land. We feel clear that, in reaching a conclusion as to the proper construction of the statutes, we cannot inquire or be governed by what the executive may or may not in his discretion probably do. For the reasons stated, the petitioner must be discharged from custody.

2. ——: construction of statutes: considerations: executive clemency.