McDonnell v. Henderson.

AFFIRMED.

McDONNELL v. HENDERSON, JUDGE.

1. **Contempt** : JURY TRIAL. A person held to answer for a contempt is not entitled to a trial by jury.

2. **Execution** : AUXILIARY PROCEEDINGS : NOTICE TO DEFENDANT. When the defendant is present in court at all stages of a proceeding auxiliary to execution for the purpose of discovering property, an order made will be binding on him without its being reduced to writing and signed by the judge and personally served.

3. ——— : ——— : EXAMINATION OF DEFENDANT : AFFIDAVIT AS BASIS OF. Where a defendant is examined for the discovery of property in a proceeding auxiliary to execution, and a second examination is had which is but a continuation of the first, a new affidavit is not required by section 3136 of the Code.

*Original proceeding on certiorari.*

FILED, JUNE 7, 1888.

*McGarry & Brown,* for plaintiff.

*W. H. Berry* and *H. McNiel,* for defendant.

ROTHROCK, J.—It appears from the petition for the writ of *certiorari,* and from the return made thereto by the defendant, that the plaintiff is confined in the jail of Warren county upon a commitment for an alleged contempt in refusing to pay over certain money, claimed to be in his possession, in satisfaction of two judgments against him. The judgments were duly and regularly rendered against the defendant, and executions were issued thereon and returned unsatisfied. Thereupon, upon proper proceedings, the plaintiff was required to appear before the district court of Warren county for an examination touching the question as to whether he

had any property which he unjustly refused to apply towards the satisfaction of the judgment. The proceedings were had under chapter three, title eighteen, Code. Plaintiff appeared, and, upon his examination, it appeared that he had money more than sufficient to satisfy the judgments, and that said money was in his house, and in the actual possession of his wife. An order was made that the wife pay over a sufficient amount of said money to the sheriff to satisfy the debt and costs, and that the plaintiff herein should not, in any manner, either directly or indirectly, interfere with the money in the hands of his wife, or in any manner prevent the payment of said money by his wife to the sheriff. The plaintiff was present when this order was made, and excepted thereto, and on the same day he filed a motion to set aside the order. The record shows that this order was served upon the wife, and was read by the sheriff to the plaintiff. The wife did not deliver the money to the sheriff, and could not well do so, because the plaintiff, after the order was made, and before it was served, had taken the same into his own possession, in violation of the order. Some proceedings were had looking to an examination of the wife touching the possession of the money, but, owing to her sickness, she was not required to appear before the court. An order was made for the plaintiff to appear for further examination; and, the plaintiff being present in court, he was ordered to appear for examination forthwith, to which order he excepted. A further examination was had, upon which the court found that the plaintiff had under his control a sufficient amount of money to pay the judgment and costs, and he was ordered to pay the same within three days, and that, if he failed to do so, to be considered in contempt of court. This order contained the following recital: "And the said Peter McDonnell, now being in court, is required to observe and obey this order, as hereinbefore provided, without further notice." An exception was entered to this order. At the expiration of the time fixed for the payment of the money, the plaintiff

appeared and filed an affidavit in alleged excuse of his refusal to comply with the order. A cause was docketed against the plaintiff in the name of the state, entitled contempt proceeding, and thereupon the plaintiff demanded a jury, which demand was denied, and he excepted. The plaintiff, being in court, was required to answer, and show cause why he should not be punished for contempt. Thereupon the plaintiff read in evidence his affidavit in excuse, above referred to. The sheriff was examined as a witness touching the conduct of the plaintiff in violation of the former order of the court. Thereupon the court made an order, stating the facts attending the investigation, and it is therein recited that, after hearing the testimony, and from knowledge of the facts transpiring in open court, it was found that the plaintiff herein was in contempt in not obeying the order to pay over the said money, and it was adjudged that he be confined in the jail of Warren county until he should comply with said order.

The first objection made by the plaintiff to the proceedings is that he was denied the right of trial by jury. He contends that such right is 1. CONTEMPT: jury trial. secured to him by the rule announced in the case of *Eikenberry v. Edwards*, 67 Iowa, 619. That case does not determine that a person held to answer for a contempt is entitled to trial by jury. Contempt proceedings cannot legally be tried by jury. The plaintiff did not demand a jury to try the issue made by the special statutory proceeding, to determine whether he had money or property in his possession which he should of right apply to the payment of the judgment. That was an issue to be tried by the examination of the plaintiff under oath, and witnesses could have been summoned to appear and testify upon the question in issue. Code, sec. 3139. Whether the proceeding should be regarded as at law, with the right of trial by jury, we need not determine in this case, because no jury was demanded for the trial of that issue.

It is further contended that the court acted illegally

in proceeding against the plaintiff, because he was not

**2. EXECUTION :** auxiliary proceedings : notice to defendant.

served with a written order signed by the judge, as required by section 3146, Code. The whole record in the case shows that the plaintiff was present at every stage of the proceeding, and we have recited the facts quite fully, for the purpose of showing that the plaintiff was not condemned without notice, and an opportunity to be heard, and to purge himself of the contempt if he could do so. It would have been a needless form to serve him with the orders made when he was personally present in court when they were made, and excepted thereto. He appeared and filed his affidavit in excuse for failure to pay over the money, and he was given a full, and, so far as we can see, a fair, hearing.

It is claimed that the court acted illegally in requiring the plaintiff to submit to a second examination

**3. ——: ——:** examination of defendant: affidavit as basis of.

without an affidavit, as required by section 3136 of the Code. The fact that the second examination was but a continuation of the first examination is a sufficient answer to this ground of complaint. We have said that there were two judgments against the plaintiff, and we have recited the proceedings as to one. The action taken upon the other was substantially the same, and in the final order the defendant was required to deliver up sufficient of the money in his possession to satisfy both. Our conclusion is that the district court did not in any respect exceed its jurisdiction, or otherwise act illegally, in the proceeding under consideration, and that the judgment in contempt is correct, and fully sustained by the evidence, and that this proceeding in *certiorari* should be dismissed; and it is so ordered.

DISMISSED.