### G. D. GRIER v. J. K. JOHNSON, Judge.

1. **Criminal Law**: CONTEMPT: OMISSION OF DEFENDANT TO TESTIFY: REMARKS BY COURT. Where, in proceedings under an attachment for contempt for the violation of an injunction against the maintenance of a liquor nuisance, the court, when announcing its judgment, remarked that "the defendant should purge himself of contempt," *held,* that the remark properly construed meant that, the defendant being guilty, judgment must follow unless the contempt was purged, and was not ground for reversing the judgment.

2. ——: ——: ——: REMARKS BY STATE'S ATTORNEY. After the evidence was closed, the county attorney, in his argument to the court, alluded to the fact that defendant had not testified, and remarked that there was evidence that the defendant had violated the injunction, and that "under such circumstances, in any other kind of a contempt case, it was the duty of the person charged to purge himself of the contempt." *Held*, that, conceding the application of the statute prohibiting comment upon the failure of the defendant in a criminal cause to testify, the cause could not be reversed upon such ground, where no application for a new trial because of such reference had been made.

3. Injunction: VIOLATION: CONTEMPT: FINE: CONSTITUTIONAL LAW. Proceedings for contempt for the violation of an injunction ordered in an equitable action against the maintenance of a liquor nuisance, are criminal in their nature, and the statute imposing a fine for such violation is not unconstitutional as being a confusion of criminal and equitable jurisdictions.

*Certiorari to Mahaska District Court.*

MONDAY, MAY 15, 1893.

CERTIORARI to the defendant as judge of the district court. The plaintiff was enjoined from maintaining a nuisance in the keeping and sale of intoxicating liquors, and upon complaint made he was attached for contempt. Upon the hearing he was adjudged guilty, and a fine of five hundred dollars was imposed, with a judgment for imprisonment until the fine was paid. Certain complaints are made as to the legality of the proceedings, to test which this action was instituted.—*Overruled.*

*Liston McMillen*, for plaintiff.

*Byron W. Preston*, for defendant.

GRANGER, J.—I. After the trial before the district judge, in arguing the case, the county attorney alluded

1. CRIMINAL law: contempt: omission of defendant to testify: remarks by court.

to the fact that the defendant in that proceeding was not a witness in his own behalf, by saying, as it is expressed in the return to the writ in this case: "That this was a contempt case, and that there

was evidence against the said defendant, Dave Grier, that he had violated the injunction; and that, under such circumstances, in any other kind of a contempt case, it was the duty of the person charged to purge himself of the contempt." The return further shows that the judge, in rendering the decision, made something of a similar reference, but did not give it as a reason for finding the defendant guilty. These matters are urged as illegalities that should reverse the judgment, the argument being that the mistake of the county attorney, supplemented by the court's adoption of the theory, is an illegality, even if there is evidence to sustain the finding of guilt.

With reference to the court's adopting the mistake of the county attorney, if it was a mistake, the language of the return is as follows: "I stated, in substance, that the defendant should purge himself of contempt; and that I did not think that the statute, which prohibits the attorney from referring to the fact that the person accused did not testify, applied to this kind of a case." To our minds, the record, as it indicates the acts and purposes of the court, is somewhat misapprehended. The argument is upon the theory that the court sought, before there was a finding of guilt, to require the defendant to "purge his contempt" in some way. We do not so understand the record. This remark by the court was made when announcing its decision, after the testimony was in, and arguments of counsel were heard, when, in its judgment, the defendant was guilty; and the correct inference from the court's remark is that punishment must follow, unless the contempt was purged, which expression corresponds with the language of our statute, "to show cause against the punishment." In this respect, in our judgment, there was no illegality, but, on the other hand, a substantial observance of the requirements of law.

II. As to the allusion of the county attorney, we need only say that, conceding it to be a case where the

2. ——: ——: ——: statute has application, the effect of such remarks by state's attorney. an allusion is not to reverse the case in this court because of it, unless the court below has, upon application, refused a new trial; for it is the express provision of the statute forbidding such an allusion that the consequence shall be to entitle the defendant to a new trial. There could have been no illegality, in this respect, until the court, upon application, had denied the right, which the record entirely fails to show.

III. The court, in its imposition of a fine, regarded five hundred dollars as the minimum allowed by law, and it is urged that, conceding this, the statute is

3. INJUNCTION: unconstitutional, "for the reason that it is violation: essentially penal in its character." The contempt: fine: constitutional law. argument attempts to preserve a distinction between criminal and equity jurisprudence, under constitutional provisions, and regards the law imposing the penalties as an infraction of the constitutional rule. The difficulty with the contention is, if otherwise sound, that the judgment of contempt was not in an equitable proceeding, but it was, in a sense, a criminal proceeding for the violation of an order of court made in an equity action. In none of its bearings is it an infringement upon any rule of equitable cognizance, nor does it have relation thereto, any more than it would if the violated order had been made in an ordinary action. The constitutionality of the law imposing such a fine was determined in *Jordan v. Circuit Court*, 69 Iowa, 177.

IV. It is further said that the judgment is "entirely without evidence to support it." We have carefully examined the evidence, and, while it is largely, if not entirely, circumstantial, we think the showing quite conclusive of the guilt of the prisoner. It is sufficient

to satisfy any unprejudiced person that the order of the court was violated. There is no illegality for which the judgment should be reversed, and it is AFFIRMED.