## STATE OF IOWA v. T. F. STEVENSON, Judge.

Contempt: NEW TRIAL. While a proceeding to punish for contempt is in its nature criminal, the provisions of Code 1873 as to new trials in criminal cases do not apply, but such new trials may be granted under the statutes governing new trials in civil actions.

SAME: *Newly discovered evidence.* In a proceeding to punish for contempt, in violating an injunction against the maintaining of a liquor nuisance, defendant applied for a new trial for newly dis-covered evidence, and because that he had been advised by an

attorney that such injunction had been dissolved.  The alleged new ly discovered evidence consisted of a package of applications for the purchase of intoxicating liquor, which had been used by an employe, who was a registered pharmacist, but whose certificate did not authorize him to do business at the place kept by defendant; and it appeared that they might have been produced on the trial with little effort.  It also appeared that defendant had been informed by another attorney that the injunction was in force as against him, though not as against the building, and knew that he was carrying on such business in violation of law. *Held*, that such application was without merit, and should have been denied, and that had he acted in good faith, and upon the advice of counsel, it would constitute no defense to the contempt charged.

**Appeal:** OBJECTION BELOW.  That one who applied for a new trial in a contempt proceeding did so by a paper entitled "motion for re-hearing and new trial," which was filed ten days after judgment, instead of by petition, cannot be first raised on appeal.

*From   Polk   District   Court.*—HON.  T.  F.  STEVENSON, Judge.

THURSDAY, DECEMBER 16, 1897.

THIS is a proceeding in *certiorari* to review an order of the district court of Polk county, which granted a new trial to a person adjudged to be in contempt for violating an injunction against the maintaining of a liquor nuisance.  Order *annulled.*

*James Howe,* county attorney, and *Jesse A. Miller* for the state.

*McVey & McVey* for defendant.

ROBINSON, J.—In July, 1894, in a case then pending in the district court of Polk county, Iowa, in which the state of Iowa was plaintiff and Joseph Lehner was defendant, a decree was rendered which in terms perpetually enjoined Lehner from selling or keeping for sale, and from permitting others to sell or keep for sale, in violation of law, intoxicating liquors at No. 213 Wal-

nut street, in the city of Des Moines, on a portion of a lot which was particularly described. In October, 1895, a petition was filed, in which Lehner was charged with having violated that injunction. He was required to appear and show cause why he should not be punished for contempt of court, and appeared and filed an answer. Evidence was offered in behalf of the state and for Lehner; and on the nineteenth day of November, 1895, he was found to have violated the injunction, and was adjudged to be guilty of contempt of court, and required to pay a fine of five hundred dollars and costs. On the twenty-ninth day of the same month, he filed a paper entitled a "motion for re-hearing and new trial," supported by an affidavit, in which he asked for a re-hearing and a new trial in the contempt proceedings. At the next term of the court, in January, 1896, the attorneys for the plaintiff were orally notified of the application for a new trial, and appeared thereto. The affidavit of Lehner, and some applications to one of his clerks for the purchase of intoxicating liquors, were introduced in evidence, and the motion was sustained.

I. The plaintiff contends that the court acted illegally and exceeded its jurisdiction in granting the relief asked by the motion; that a re-hearing or new trial in contempt proceedings is unauthorized; that, if authorized, it is governed by the statute which regulates new trials in criminal cases; and if that is not the law, and a new trial was authorized, as the application in question was made ten days after the judgment in the contempt proceeding was rendered, it should have been by petition, and, as it was by motion, it should not, for that reason, have been granted. It has been said that a proceeding to punish a contempt of court is in its nature criminal. *First Congregational Church v. City of Muscatine*, 2 Iowa, 71; *Fisher v. District Court*, 75 Iowa, 234; *Grier v. Johnson*, 88 Iowa, 102. In *New*

*Orleans v. New York Mail S. S. Co.*, 20 Wall. 392, it was said: "Contempt of court is a specific criminal offense." See, also, 4 Enc. Pl. & Prac. 766. While it is undoubtedly true that proceedings for the punishment of a contempt of court are designed to punish wrongful acts, and are to that extent criminal in their nature, yet they are not governed by the general provisions of the law which provide for the punishment of crimes, but by special statutes. *Jordan v. Circuit Court*, 69 Iowa, 180. They are usually brought in the name of the state. *Fisher v. District Court, supra.* But they may also be entitled as in the case in which the contempt is alleged to have been committed. *Manderscheid v. District Court*, 69 Iowa, 240. The charges in such proceedings are not triable by jury (*McDonnell v. Henderson*, 74 Iowa, 619), although it may be that the court can submit to a jury a disputed question of fact (4 Enc. Pl. & Prac. 789). The punishment for a contempt does not constitute a bar to an indictment for the same offense. Code 1873, section 3500; Code, section 4469. And the general statute which defines contempts and provides for their punishment is found in that portion of the Code of 1873 which was devoted to civil, and not to criminal, procedure. The provisions of the law under which Lehner was punished as for contempt are of the same character as is the general statute in regard to contempt. We conclude that the provision of the Code of 1873 which authorized new trials in criminal cases did not apply in proceedings to punish for contempt.

The power of a court to grant a new trial in contempt proceedings is questioned. We do not know on what legal principle the denial of the power in proper cases can be based. The statutes which authorize new trials in civil cases are sufficiently comprehensive to include within their scope new trials in contempt proceedings, and, in our opinion, apply to them.

II.   It is said that, as more than three days from the rendition of the judgment in the contempt proceedings had elapsed when the application for a new trial was filed, it should have been by petition, and not by motion.   Section 2838 of the Code of 1873 required an application for a new trial in civil cases to be made "at the term and within three days after the verdict, report or decision is rendered, except for the cause of newly-discovered evidence," and that the application must be by motion upon written grounds.   Sections 3154 and 3155 of the Code of 1873 authorized new trials to be granted for specified purposes upon petition, not more than one year after a final judgment had been rendered, upon the making of a proper showing, which need not be specified.   It may be conceded that, under these statutory provisions, the application for a new trial in this case should have been made by petition.   We do not find, however, that any objection to the form of the application, nor to the notice thereof which was given, was made in the district court.   The application may as well have been entitled a "petition" as a "motion;" and since it was considered in the district court on its merits, without objection, it will be so considered by this court.

III.   The chief ground of the application for a new trial is the alleged discovery of new and material evidence.   On the trial had in the contempt proceedings it was shown that one Beidenkopf was employed by Lehner as clerk in the place of business in question, and that, as such clerk, he sold intoxicating liquors in violation of law. Beidenkopf was a registered pharmacist, but his certificate authorized him to do business as a pharmacist at No. 123 West Fourth street, and not in the establishment of Lehner. The alleged newly-discovered evidence consisted in a package of applications for the purchase of intoxicating

liquors, addressed to Beidenkopf, and signed by various persons. The only excuse Lehner gave for not having discovered the applications before the trial in the contempt proceedings was that his health was in such a precarious condition at that time that he was unable to give personal attention to the carrying on of his business. But he testified on the trial that Beidenkopf had such blank applications, and was told by Lehner to have all purchasers sign them, and that Beidenkopf used them. It is manifest that with little effort the applications in question could have been had and produced on the trial, and that Lehner failed to use any diligence whatever to obtain them. Moreover, it is clear that they did not have the effect to make valid the sales which they represented.

The remaining grounds of the application for a new trial are, in effect, claims that Lehner had been advised by Attorney Sickmon that the injunction which he violated had been dissolved; that he understood and believed that it had been dissolved; that he did not intend to violate any order of the court; and that, without such an intent, his acts should not be treated as a contempt of court. All of these claims were made and the alleged advice of counsel shown on the trial for contempt. It was also shown on the trial that, after Sickmon is claimed to have given the advice stated, Lehner was informed by another attorney that the injunction was in force as against Lehner, but not against the building. It was thus shown by his own testimony that he knew that he was not authorized to sell intoxicating liquor, and that the business he carried on was in violation of law. But, had he acted in good faith upon the advice of counsel, that fact would not have constituted a defense in the contempt proceedings.

*Lindsay v. Hatch*, 85 Iowa, 332. See, also, *State v. Bowman*, 79 Iowa, 566. The application for a new trial was without merit, and should have been denied. The order of the district court in granting it is therefore ANNULLED.