STATE OF IOWA, Appellee, v. C. H. LUDDEN, Appellant.

**INTOXICATING LIQUORS:** **Imprisonment for Costs.** Imprisonment
1  for costs is authorized as a punishment for maintaining a liquor nuisance. (Sec. 2384, Code, 1897.)

**INTOXICATING LIQUORS:** **Indefinite Judgment.** A judgment that
2  defendant be imprisoned until a fine and costs are paid, without specifying the maximum number of days of imprisonment, is erroneous; but, on appeal, the court will correct the error by supplying the required certainty.

*Appeal from Black Hawk District Court.*—GEORGE WOOD, Judge.

JUNE 22, 1923.

APPEAL from a judgment imposing fine and imprisonment on a plea of guilty to an indictment charging defendant with maintaining a liquor nuisance.—*Modified and affirmed.*

*John H. Meyers,* for appellant.

*Ben J. Gibson,* Attorney-general, and *Maxwell A. O'Brien,* Assistant Attorney-general, for appellee.

FAVILLE, J.—On December 10, 1921, the appellant was indicted by the grand jury of Black Hawk County, charged with the crime of nuisance in maintaining a building wherein intoxicating liquors were kept and sold. The appellant appeared, and entered a plea of not guilty, and subsequently, in open court, withdrew said plea, and entered a plea of guilty. Whereupon, the court entered judgment in said cause, which, among other things, contained the following recital:

"It is therefore ordered and adjudged by the court and the sentence of this court is that the defendant pay a fine of $1,000, and the costs of this proceeding, and that he stand committed to the jail of Black Hawk County, Iowa, until said fine and costs are paid, as provided by law. It is further ordered by the court that said costs shall include an attorney fee of $50.00, taxed in favor of the county attorney."

I. Appellant contends that the judgment is erroneous because it contains a provision that the appellant shall stand committed until not only the fine, but also the costs, are paid.

The appellant in this case was indicted under Code Section 2384, for the offense of maintaining a liquor nuisance. The statute provides that, upon conviction of such offense, the defendant "shall pay a fine of not less than three hundred nor more than one thousand dollars and costs of prosecution, which shall include a reasonable attorney's fee to be taxed by the court, and stand committed to the county jail until such fine and costs are paid."

1. INTOXICATING LIQUORS: imprisonment for costs.

In liquor nuisance cases, the legislature has expressly provided that the defendant shall stand committed until the fine and costs are paid. In this respect this statute is exceptional and peculiar. Its constitutionality is not challenged. The judgment was in accordance with the express provisions of the stat-

ute, in providing for commitment until the costs, as well as the fine, were paid. *State v. Williams,* 195 Iowa 374; *State v. McCoy,* 196 Iowa 278.

II.   The appellant also contends that the said judgment is indefinite and uncertain, in that it provides that the appellant shall stand committed until the fine and costs are paid, as provided by law, but does not fix any definite or certain term of such commitment. Code Section 5440 is as follows:

2. INTOXICATING LIQUORS: indefinite judgment.

"A judgment that the defendant pay a fine may also direct that he be imprisoned until the fine is satisfied, specifying the extent of the imprisonment, which shall not exceed one day for every three and one-third dollars of the fine."

This section is identical with Section 4509 of the Code of 1873. We construed said section in *State v. Myers,* 44 Iowa 580, and therein said:

"The judgment, however, should specify the extent of the imprisonment."

This pronouncement was reaffirmed in *Jordan v. Circuit Court of Wapello County,* 69 Iowa 177.

In *Ex parte Twicher,* 69 Iowa 393, we said:

"When imprisonment is imposed under any statute, we think the court must fix the extent of the imprisonment, and in this respect the statute is mandatory."

In the case at bar, it appears that the judgment provided for a fine of $1,000, and costs of $69.25. It should have provided in terms that the appellant should stand committed to the jail of Black Hawk County until such fine and costs were paid, and that the term of such imprisonment should not exceed 321 days.

It does not, however, follow that, because the judgment was erroneous in this particular, it must be reversed. Code Section 5462 provides that, upon appeal, this court "may affirm, reverse or modify the judgment, or render such judgment as the district court should have done."

In *State v. Myers,* supra, and *Jordan v. Circuit Court of Wapello County,* supra, we held that it was not necessary to reverse because of an error in failing to provide the term of imprisonment, but that an entry may be made in this court, cor-

recting the judgment in said respect. *State v. Williams,* 195 Iowa 374.

In this case, the judgment appealed from will be corrected by providing that the appellant shall stand committed to the jail of Black Hawk County, Iowa, until the fine and costs are paid, as provided by law, and that the period of such imprisonment shall not exceed 321 days. As so corrected, the judgment appealed from will stand affirmed.

It is so ordered.—*Modified and affirmed.*

PRESTON, C. J., EVANS and ARTHUR, JJ., concur.