STATE OF IOWA, Appellee, v. J. W. McCoy, Appellant, et al., Appellee.

**INTOXICATING LIQUORS:** Nuisance—Imprisonment for Costs. On 1 a conviction for maintaining a liquor nuisance, the accused may be imprisoned for the nonpayment of the costs.

**CRIMINAL LAW:** Judgment—Form. A judgment in a criminal cause 2 on a plea of guilty need not contain a specific finding of guilt.

**CRIMINAL LAW:** Judgment—Failure to Specify Imprisonment. Judg- 3 ments for imprisonment for nonpayment of fine and costs *must* specify the definite term of imprisonment; but if this is omitted, such omission will be corrected on appeal.

*Appeal from Black Hawk District Court.*—GEORGE W. WOOD, Judge.

JUNE 22, 1923.

DEFENDANTS were indicted jointly for the crime of liquor nuisance, and entered pleas of guilty. Judgment was entered against McCoy, imposing a fine of $1,000 and costs, and against Ryan, imposing a fine of $500 and costs. Defendant McCoy appeals.—*Modified and affirmed.*

*J. C. Murtagh,* for appellant.

*Ben J. Gibson,* Attorney-general, *Maxwell A. O'Brien,* Assistant Attorney-general, and *Walter R. French,* County Attorney, for appellee.

ARTHUR, J.—The judgment entered against McCoy was as follows:

"It is therefore ordered and adjudged by the court, and the sentence of this court is, that the defendant J. W. McCoy pay a fine of $1,000 and costs of this prosecution, said costs to include an attorney fee of $50, taxed in favor of the county attorney. In default of the payment of said fine and costs, the defendant J. W. McCoy shall stand committed to the jail of Black Hawk County until such fine and costs are paid, as provided by law. Judgment is therefore rendered by the court against the defendant J. W. McCoy for said fine of $1,000, together with the costs of this action, including an attorney fee in favor of the county attorney of $50, in all taxed at the sum of $110.75."

Errors relied upon for reversal are that the judgment of the court is so indefinite and uncertain that it is void; that the judgment is void because it provides for the serving of a jail sentence for costs; that the judgment is indefinite, as there is no provision in said judgment when sentence is to commence or expire; that there is no finding by the court of guilt or conviction, and no judicial determination; that the sentence by the court is too severe for the crime to which the defendant pleaded guilty.

I.   Taking up first the complaint that the sentence of imprisonment imposed for costs is void: Code Section 2384 provides:

1. INTOXICATING LIQUORS: nuisance: imprisonment for costs. "* * * and upon conviction shall pay a fine of not less than three hundred nor more than one thousand dollars and costs of prosecution, which shall include a reasonable attorney's fee to be taxed by the court, and stand committed to the county jail until such fine and costs are paid."

In the recent case of *State v. Williams,* 195 Iowa 374, a case like the instant case, we said:

"The instant judgment is not void by reason of the imposition of imprisonment in the county jail for nonpayment of a fine and costs."

II. Appellant's complaint that the judgment is void because indefinite and uncertain, is without merit. True, the court did not make a finding in so many words of the fact of 2. CRIMINAL LAW: appellant's guilt. The defendant entered a judgment: form. plea of guilty, and record was made of such plea, and judgment of the court was based thereon. We think it was not essential to the validity of the judgment that the court make a special finding that defendant was guilty of the crime charged under such record. The record shows that defendant was, by his own plea, guilty of the crime charged, and it is apparent from the record that the court did so find, by receiving and entering of record the appellant's plea of guilty. *State v. Cook*, 92 Iowa 483; *State v. Rudd*, 97 Iowa 389.

III. Appellant assails the judgment as erroneous in that the court did not definitely fix the length of time that he was to be imprisoned under the judgment: that is, that the judg-
3. CRIMINAL LAW: ment does not fix any definite and certain term
judgment: fail-
ure to specify of commitment. Code Section 5440 is as follows:
imprisonment.            "A judgment that the defendant pay a fine
may also direct that he be imprisoned until the fine is satisfied, specifying the extent of the imprisonment, which shall not exceed one day for every three and one-third dollars of the fine."

This section is identical with Section 4509 of the Code of 1873. In *State v. Myers*, 44 Iowa 580, we construed said section, saying:

"The judgment, however, should specify the extent of the imprisonment."

This pronouncement was reaffirmed in *Jordan v. Circuit Court of Wapello County*, 69 Iowa 177; also in *Ex parte Tuicher*, 69 Iowa 393, where we said:

"When imprisonment is imposed under any statute, we think the court must fix the extent of the imprisonment, and in this respect the statute is mandatory."

In the instant case, the judgment imposed a fine of $1,000, and costs in the amount of $110.75. The judgment should have

provided in terms that the appellant should stand committed to the jail of Black Hawk County until such fine and costs were paid, and that the term of such imprisonment should not exceed 333 days. However, it does not follow that, because the judgment was erroneous in this particular, it must be reversed. Code Section 5462 provides that, upon appeal, this court "may affirm, reverse or modify the judgment, or render such judgment as the district court should have done." In *State v. Myers,* supra, and *Jordan v. Circuit Court of Wapello County,* supra, we held that it was not necessary to reverse because of an error in failing to provide the term of imprisonment, but that an entry may be made in this court, correcting the judgment in said respect. Accordingly, the judgment appealed from will be corrected, and is corrected, by providing that the appellant shall stand committed to the jail of Black Hawk County, Iowa, until the fine and costs are paid, as provided by law, and that the period of such imprisonment shall not exceed 333 days. As so corrected, the judgment appealed from will stand affirmed. It is so ordered.—*Modified and affirmed.*

PRESTON, C. J., EVANS and FAVILLE, JJ., concur.